IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x

ARC/CONNECTICUT, ET AL.                :        3:01 CV 1871 (JBA)

v.                                                      :

PETER H. O'MEARA ET AL.            :        DATE: OCT. 23, 2003

------------------------------------------------------x

## RULING ON PLAINTIFFS' MOTION TO AMEND PROTECTIVE ORDER AND DISCOVERY ORDER

Familiarity with the factual and procedural history of this complex litigation is presumed. On June 9, 2003, this Magistrate Judge filed her Ruling on Plaintiffs' Request That the Names, Addresses and Other Identifying Information About DMR Clients on the DMR Residential and Planning Lists and Their Guardians Be Produced (Dkt. #122)["June Ruling"], which granted in part plaintiffs' request that the names, addresses and other identifying information about Department of Mental Retardation ["DMR"] clients on the DMR residential and planning lists and their guardians be produced. Specifically, the June Ruling held that in light of the Protective Order issued by this Court on September 5, 2003 (Dkt. #62), plaintiffs are entitled to the names, address, Waiting and Planning Lists information and DMR Region responsible for each of the individuals whose condition as recorded in DMR records would make them eligible for DMR services if they had known of the program and thus, had the opportunity to apply, but because the information relating to the guardians is not included in this Court's Protective Order, the Health Insurance Portability and Accountability Act, 42 U.S.C. § 300gg ["HIPAA"] dictates that the names, addresses and telephone numbers of the guardians are subject to production only upon their consent.

AO 72A
(Rev. 8/82)

(June Ruling at 14 & 19).

In light of the Court's June Ruling, plaintiffs filed their Motion to Amend the Protective Order and Discovery Order on June 26, 2003. (Dkt. #129).[1]  On July 21, 2003, defendants filed their brief in opposition. (Dkt. #135), and on August 8, 2003, plaintiffs filed their reply brief.  (Dkt. #153).[2]

On September 12, 2003, this Magistrate Judge issued her Ruling on Plaintiffs' and Defendants' Motions for Reconsideration of the June Ruling (Dkt. #163)["September Ruling"].  The September Ruling ordered defendants to produce a list containing the names of DMR clients on the DMR Waiting and Planning lists, their addresses, their Priority status and the DMR Region responsible for each of the individuals whose conditions as recorded in DMR records makes them eligible for DMR services and would make them eligible for Waiver services if given the reasonable opportunity to apply. (Id. at 13).  From this list, the September Ruling contemplates that a sample of individuals' names will be drawn at which time, guardians' identifying information will initially be redacted.  (Id.).  After the redacted sample files are reviewed by plaintiffs' counsel and their experts, plaintiffs' counsel may ask the Court to revisit the issue of redaction of the guardians' identifying information.  (Id.). Additionally, the September Ruling observed that this Magistrate Judge is "confident that both counsel, acting as mature, professional, reflective, and resourceful adults, can fashion an appropriate notice to such guardians, [from whom identifying information is sought] . . . , which addresses the HIPAA issues identified . . . and the potential ethical concerns . . . ."

---

[1]Attached as Exh. A was a copy of a letter, dated June 13, 2003, from plaintiff's counsel to defense counsel, to which a proposed Amended Protective Order was attached.

[2]Attached as Exh. A was an affidavit from plaintiff's counsel, dated August 7, 2003.

2

(Id. at 14). Both parties have sought extensions of time to file objections to the September Ruling. (Dkt. #167 & 9/2/9/03 endorsement thereon; Dkt. #168 & 10/3/03 endorsement thereon; Dkt. #171 & 10/8/03 endorsement thereon; Dkts. ##173 & 175 & 10/17/03 endorsements thereon).

## I. DISCUSSION

Plaintiffs move to amend this Court's February 6, 2003 Discovery Order (Dkt. #102) because, as June Ruling observed, the Order does not protect confidential information about guardians which will be produced during discovery, as such information is contained on "virtually every page of every file and document maintained by DMR on the class member[s]". (Dkt. #129, at ¶¶ 3-4). Plaintiffs assert that any information produced about guardians should be given the same protection as confidential information produced about class members. (Id. at ¶ 5).

Defendants, however, counter that the amended protective order and discovery order will waive their right to object to the production of confidential information. (Dkt. #135, at 1). Specifically, defendants are concerned about potential legal liability if the State of Connecticut voluntarily agrees to release confidential information covered by HIPAA. (Id. at 2). According to counsel for defendants, he would agree to an amended protective or discovery order which makes clear that defendants are not agreeing to release guardians' confidential information without their consent. (Id. at 3). Defendants also assert that, in light of the foregoing and the fact that plaintiffs' counsel would not entertain defense counsel's additions to the amended protective order, plaintiffs' motion should be denied as plaintiffs' counsel did not make a "good faith effort" as required in Local Rule 9(d)2, now Local Rule

3

AO 72A
(Rev. 8/82)

37(a)2.[3]   (Dkt. #135, at 2).

In response, plaintiffs reiterate that the Court has the authority to enter such order (Dkt. #153, at 2-3); HIPAA protects information relating to class members, not their guardians, and the proposed modifications protect rather than undermine the rights of guardians (id. at 3-4); and plaintiffs rebut defendants' contentions that a "good faith effort" was not made to resolve this issue prior to filing this pending motion.  (Id. at 4-7).

After reviewing plaintiffs' proposed protective order which includes the language, "[t]he parties reserve any and all rights to object to any discovery requests," in light of the apparent lack of good faith effort made on behalf of both sides relating to this motion thus far, and in light of the discovery procedure fashioned in the September Ruling, this judicial officer is convinced that counsel, acting as professionals, can approach any amendment to the protective and discovery orders that the parties still deem necessary, in a reasoned and rational manner and after thorough discussion amongst themselves, may submit a proposed joint amended protective order and amended discovery order reflecting such compromise.

## II.  CONCLUSION

Accordingly, and in light of the prospective objections to the September Ruling, plaintiffs' Motion to Amend Protective Order and Discovery Order (Dkt. #129) is <u>denied without prejudice to renewal</u>.[4]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the

---

[3]Defendants also contend that plaintiffs' motion should be denied because it lacks a supporting memorandum of law in compliance with Local Rule 9(a)1, now Local Rule 37(a)3.  (Dkt. #135, at 3).

[4]Counsel shall contact the Magistrate Judge's Chambers to schedule a continued settlement conference.

4

AO 72A
(Rev. 8/82)

Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Conn

                                         —
                                    United States Magistrate Judge

5

AO 72A
(Rev. 8/82)