IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

Oct 30  10 35 AM '03

U.S. DISTRICT COURT
N. [illegible]

------------------------------------------------x
:
ARC/CONNECTICUT, ET AL.    :    3:01 CV 1871 (JBA)
:
v.    :
:
PETER H. O'MEARA ET AL.    :    DATE: OCT. 30, 2003
:
------------------------------------------------x

## RULING ON PLAINTIFFS' MOTION TO COMPEL

Familiarity with the factual and procedural history of this complex litigation is presumed. On June 9, 2003, this Magistrate Judge filed her Ruling on Plaintiffs' Request That the Names, Addresses and Other Identifying Information About DMR Clients on the DMR Residential and Planning Lists and Their Guardians Be Produced (Dkt. #122)["June Ruling"], which granted in part plaintiffs' request that the names, addresses and other identifying information about Department of Mental Retardation ["DMR"] clients on the DMR residential and planning lists and their guardians be produced. Specifically, the June Ruling held that in light of the Protective Order issued by this Court on September 5, 2003 (Dkt. #62), plaintiffs are entitled to the names, address, Waiting and Planning Lists information and DMR Region responsible for each of the individuals whose condition as recorded in DMR records would make them eligible for DMR services if they had known of the program and thus, had the opportunity to apply, but because the information relating to the guardians is not included in this Court's Protective Order, the Health Insurance Portability and Accountability Act, 42 U.S.C. § 300gg ["HIPAA"] dictates that the names, addresses and telephone numbers of the guardians are subject to production only upon their consent. (June Ruling at 14 & 19).

AO 72A
(Rev. 8/82)

On September 12, 2003, this Magistrate Judge issued her Ruling on Plaintiffs' and Defendants' Motions for Reconsideration of the June Ruling (Dkt. #163)["September Ruling"]. The September Ruling ordered defendants to produce a list containing the names of DMR clients on the DMR Waiting and Planning lists, their addresses, their Priority status and the DMR Region responsible for each of the individuals whose conditions as recorded in DMR records makes them eligible for DMR services and would make them eligible for Waiver services if given the reasonable opportunity to apply. (Id. at 13). From this list, the September Ruling contemplates that a sample of individuals' names will be drawn at which time, guardians' identifying information will initially be redacted. (Id.). After the redacted sample files are reviewed by plaintiffs' counsel and their experts, plaintiffs' counsel may ask the Court to revisit the issue of redaction of the guardians' identifying information. (Id. at 13-14). After obtaining multiple extensions of time (Dkt. #167 & 9/29/03 endorsement thereon; Dkt. #168 & 10/3/03 endorsement thereon; Dkt. #171 & 10/8/03 endorsement thereon; Dkts. ##173 & 175 & 10/17/03 endorsements thereon), on October 20, 2003, both sides filed their objections to the September Ruling. (Dkts. ##179-80).

Prior to this Court's September Ruling, on July 16, 2003, plaintiffs filed the pending Motion to Compel and brief in support (Dkts. ##133-134),[1] as to which defendants responded on September 3, 2003 (Dkts. #158 & 160).[2] Plaintiffs filed their reply on October

---

[1] The same ten exhibits are attached to both the motion and brief: copies of correspondence between counsel, dated April 17, May 20, May 2, June 2, June 13 (with proposed Amended Discovery Order and Protective Order attached), June 18 (with fax transmittal report), June 23, June 30, 2003 & July 1, 2003 (Exhs. A-J).

An affidavit of plaintiffs' counsel, dated July 16, 2003, is also attached to the motion.

[2] Two briefs in opposition were docketed, the first on September 3, 2003 and the second two days later. (Dkts. ##158 & 160). Spacing in the caption and in the footnotes appears to be the only difference between the two documents. The substance appears the same; thus, in this ruling, the Court will refer only to Dkt. #158.

2

14, 2003. (Dkt. #174).[3]

For the reasons set forth below, plaintiffs' Motion to Compel (Dkt. #133) is <u>granted in part and denied in part</u>.

### I. FACTUAL BACKGROUND[4]

In a letter, dated April 17, 2003, plaintiffs' counsel requested from defendants fifty-seven categories of documents, which including subparts total one hundred eleven in number. (Dkt. #133, Exh. A). In a letter, dated May 20, 2003, defense counsel objected to six document requests (Nos. 1, 2, 3, 4, 14 and 15) on grounds that such requests "seek[] information about persons who are not members of the class as certified by the Court . . . ." (Dkt. #133, Exh. B). Seven days later, defense counsel objected to an additional twenty-one requests (Nos. 5c., 6, 7, 9, 10, 12, 16, 22.d, 24, 24.f-i., 25, 25e.-f., 29, 31, 31.g, 35 and 36) as being overly broad, irrelevant, or barred from disclosure by HIPPA, represented that some items do not exist, and advised that to the extent some documents already have been produced, such production will not be duplicated. (Dkt. #133, Exh. C). On June 2, 2003, defense counsel responded to eighty-one requests, by producing numerous documents (Nos. 6, 9.b-c., 10.a., 13, 16, 20, 21, 22.a.-c., e-f & h, 23, 24.a-l, 26, 27.a-c, 28, 30, 31, 32,

---

[3]Attached is a copy of correspondence between counsel, dated June 4, 2003 (Att. A); a copy of excerpts from deposition of Martha Shippee, taken on June 10, 2003 (Att. B); and a copy of DMR's Case Management Survey, dated June 2000 (Att. C).

[4]In the Ruling on Defendants' Motion to Quash and for Sanctions, filed July 31, 2003 (Dkt. #150), this Magistrate Judge warned: "In the future, the Magistrate Judge expects counsel to behave as mature adults, and to curb impulsive behavior that only serves to distract from the merits of the litigation." In these briefs, <u>both</u> counsel devote a considerable amount of time to addressing the lack of cooperation by his opposing counsel in attempting to resolve the current discovery dispute. (Dkt. #134, at 1-6; Dkt. #158, at 1-9; Dkt. #174, at 1-3). The Court urges both counsel, particularly plaintiffs' counsel, to focus the content of their briefs on the legal merits of their positions.

3

33, 34, 35.a-b, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 55, 56 and 57,[5] or by specifying which documents were previously produced and thus will not be reproduced and which documents do not exist (Nos. 5.a-b., 7, 8, 9.a., 10.b-c., 11.a-b, 17, 18, 19, 24.m, -o, 25.a-d., 46, 53 and 54). (Dkt. #133, Exh. D).

Two days later, plaintiffs' counsel wrote defense counsel informing him that this motion to compel would be filed as a result of defendants' objections to Production Request Nos. 1, 2, 3, 4, 14, 15, 17, 25, 31, 55 and 56. (Dkt. #174, Att. A). Plaintiffs' counsel also clarified three of his requests (Nos. 5.c , 29 and 31.g), requested defendants to withdraw their objection to certain requests (Nos. 6,7, 9 and10), reiterated his requests in an effort to receive a more "complete response" to other requests (Nos. 8, 11, 12, 18, 35, 46, 53 and 54), and to submit attachments or responsive documents which had not been produced as promised (Nos. 13, 16, 21, 22, 23, 24, 26, 27, 28, 30, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52 and 57). (Dkt. #174, Att. A). This motion was filed on July 18, 2003, which addresses seventy-six subparts. (Dkt. #133).[6]

## II. DISCUSSION

As previously indicated, plaintiffs served defendants with requests for production in letter form with fifty-seven enumerated paragraphs, which including subparts total one hundred eleven in number. Plaintiffs contend that their experts cannot disclose their opinions in a timely manner unless the documents requested are promptly produced. (Dkt. # 134, at 6). Plaintiffs therefore seek an order by this Court requiring defendants to comply

---

[5]According to plaintiffs, these documents were not received until June 16, 2003. (Dkt. #134, at 2-3).

[6]Plaintiffs' counsel failed to follow Local Rule 37(a)3., which provides in relevant part: "Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item."

4

with their obligations under the Discovery Order and to sanction defendants if necessary and appropriate to manage discovery. (Id. at 7). Defendants respond that the Discovery Order specifically reserved the right of defendants to object to any discovery request. (Dkt. #158, at 10). Additionally, defense counsel reiterates that plaintiffs' counsel was advised that defense counsel was not willing to discuss a resolution of their objections until this Court issued its ruling on the parties' motions for reconsideration. (Dkt. #158, at 2 & 7-8). Moreover, as defense counsel observed, in order to respond to plaintiffs' June 4, 2003 letter in an attempt to reach a compromise, defense counsel would need additional time as he would have to, as the Court has now been asked to do, engage in the "very time consuming process" of reviewing the original requests, comparing the responses by both parties, and formulating a response. (Dkt. #158, at 3).

### A. PRODUCTION REQUESTS RELATING TO THE JUNE RULING AND SEPTEMBER RULING

Of the seventy-six subparts at issue in this motion, thirty-seven (Document Requests Nos. 1, 2, 3, 4, 5.c, 9, 10, 12, 14, 15, 25, 31 & 36) are the subject of the June Ruling and September Ruling, as to which both parties have filed objections. (Dkts. ##179-80). Thus, plaintiffs' Motion to Compel production of Nos. 1, 2, 3, 4, 5.c, 9,[7] 10, 12,[8] 14, 15, 25, 31 and 36, all of which seek documents which are the subject of the June Ruling and September

---

[7] It is not entirely clear if defendants have produced all documents relating to this request, or are continuing to withhold them under their objection that such production will violate HIPAA. (Dkts. #134, at 10-11; Dkt. #158, at 11-12; Dkt. #174, at 7). If defendants are not withholding them and all documents have been produced, thus waiving their objection, plaintiffs' motion to compel these documents is denied. If the documents are withheld, plaintiffs' motion to compel these documents is denied without prejudice to renewal.

Because the documents responsive to Document Request No. 9 are also responsive to Document Request No. 54, such conclusion is applicable to both requests. (See Dkt. #134, at 19-20; Dkt. #158, at 16; Dkt. #174, at 20).

[8] See note 7 supra.

5

Ruling, is denied without prejudice to renewal after a ruling on the objections to the September Ruling.

### B. VAGUELY WORDED PRODUCTION REQUESTS

Of the seventy-six subparts at issue in this motion, six (Document Requests Nos. 6, 7, 16, 22.d, 29 & 30) are vaguely worded, and defendants have represented that they can only respond if plaintiffs provide "more guidance" or "clarif[ication]" as to the scope of these requests. (Dkt. #158, at 11, 12, 14). Thus, plaintiffs' Motion to Compel production of Nos. 6, 7, 16, 22.d, 29 and 30 is denied without prejudice to renewal, if necessary, after plaintiffs provide further clarification to defense counsel regarding these specific requests.

### C. DOCUMENTS ALREADY PRODUCED

Of the seventy-six subparts at issue in this motion, twenty-four (Document Requests Nos. 8, 11, 17, 18, 24, 27.b, 39, 46 & 53) are ones for which defendants assert they have already complied. (Dkt. #158, at 11, 12, 13-14, 15, 16). With respect to Nos. 8, 11, 17 and 46, to the extent these documents are in the possession and control of DSS, defendants must produce responsive documents. With respect to No. 18, defendants shall produce the fiscal year 2002-03 report, if they have not done so already.

With respect to No. 24, defendants have indicated that they will "produce the 'numbers' that are already available, but . . . will not calculate any 'numbers' that do not already exist. . . . Defendants have no obligation to perform work for . . . [p]laintiffs to calculate numbers they are seeking. They can calculate their own numbers." (Dkt. #158, at 13)(citation omitted). To the extent that the information sought in the fifteen subparts of Document Request No. 24 is "readily available" as plaintiffs believe (Dkt. #174, at 11-12), defendants must respond appropriately. With respect to No. 27.b, defendants are to produce the "manual" referred to in Exh. 10-B of the Shippee Deposition. (Dkt. #174, at 14

6

& Att. B). With respect to No. 39, defendants agreed to verify whether the <u>draft</u> previously given to plaintiffs is the correct document. Plaintiffs are entitled to this verification. Lastly, with respect to No. 53, defendants are to produce the "Family Member's Handbook" to the extent that it has not been previously produced.

Therefore, plaintiffs' Motion to Compel production of Nos. 8, 11, 17, 18, 24, 27.b, 39, 46 & 53 <u>is granted in part to the extent set forth above, with compliance</u> **on or before November 17, 2003**.

### D. MISCELLANEOUS PRODUCTION REQUESTS

Of the remaining nine subparts at issue, six (Nos. 22.c, 22.g & 35) are ones where defendants have agreed to make further investigation. (Dkt. #158, at 12, 15). Plaintiffs are entitled to know the answers to defendants' further inquiries.

With respect to No. 54, defendants are to provide any forms they rely upon to the extent such forms describe the way the waiver is administered. (Dkt. #174, at 20).

Of all the disputed requests, the controversy regarding the last two (Nos. 55 and 56) is beyond juvenile. In response to these requests, which seek copies of case management and Planning and Resource Team files on each individual plaintiff, defendants have directed plaintiffs' experts to the twenty-five to thirty DMR regional offices, rather than making copies for them. (Dkt. #134, at 20; Dkt. #158, at 16-17; Dkt. #174, at 20-21). According to plaintiffs, only twenty-six files are involved and they are not voluminous. (Dkt. #134, at 20). In contrast, defense counsel argues that his clients have no obligation to copy "significant numbers of lengthy files and transport them to [p]laintiffs' counsel." (Dkt. #158, at 16). The Court agrees with plaintiffs' counsel that it would be an inordinate waste of money for plaintiffs' experts to shlep to a multitude of locations to review twenty-six files. In this ruling, the Magistrate Judge will give counsel an opportunity to demonstrate that they indeed <u>are</u>

capable of acting like mature adults and can agree to make these files available at a <u>reasonable</u> number of locations for inspection by plaintiffs and for plaintiffs to make copies of relevant documents.

Therefore, plaintiffs' Motion to Compel production of Nos. 22.c, 22.g, 35, 54, 55 and 56 <u>is granted in part to the extent set forth above, with compliance</u> **on or before November 17, 2003**.

### III. CONCLUSION

Accordingly, plaintiffs' Motion to Compel (Dkt. #133) <u>is denied without prejudice to renewal after a ruling on the objections to the September Ruling</u> with respect to Nos. 1, 2, 3, 4, 5.c, 9, 10, 12, 14, 15, 25, 31 and 36; <u>is denied without prejudice to renewal, if necessary, after plaintiffs provide further clarification to defense counsel</u> with respect to Nos. 6, 7, 16, 22.d, 29 and 30; and <u>is granted in part to the extent set forth in Sections II.C & D above</u> with respect to Nos. 8, 11, 17, 18, 22.c, 22.g, 24, 27.b, 35, 39, 46, 53, 54, 55 and 56, with compliance **on or before November 17, 2003**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

8

AO 72A
(Rev. 8/82)

Dated at New Haven, Connecticut, this 30th day of October, 2003.

                                                   Joan Glazer Margolis
                                                   United States Magistrate Judge

9