IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x

ARC/CONNECTICUT, ET AL.  :  3:01 CV 1871 (JBA)

v.  :

PETER H. O'MEARA ET AL.  :  DATE: NOV. 12, 2003

---------------------------------------------------------x

## RULING ON PLAINTIFFS' MOTION FOR DETERMINATION OF THE SUFFICIENCY OF DEFENDANTS' ANSWERS AND OBJECTIONS TO REQUESTS FOR ADMISSION AND FOR ORDER DEEMING MATTERS ADMITTED

Familiarity with the factual and procedural history of this complex litigation is presumed. On July 21, 2003, plaintiffs filed a Motion for Determination of the Sufficiency of Defendants' Answers and Objections to Requests for Admission and for an Order Deeming Matters Admitted[1] and brief in support[2] (Dkts. ##137-38), as to which defendants filed their brief in opposition on August 29, 2003 (Dkt. #156). Plaintiffs filed their reply brief on October 9, 2003. (Dkt. #172).[3]

For the reasons set forth below, plaintiffs' Motion for Determination of the Sufficiency

---

[1] Attached are copies of Plaintiffs' Requests for Admission, dated January 29, 2003 and Defendants' Objections and Answers to Plaintiffs' Requests for Admission, dated March 3, 2003.

[2] The following seven exhibits were attached: copy of case law (Exh. A); copy of an excerpt from a DMR publication, dated January 2003 (Exh. B); excerpts of deposition of Andrew J. Wagner, taken on March 27, 2002 (Exh. C); copy of DMR correspondence, dated June 23, 1999, related notes and correspondence from ARC (Exh. D); excerpts from deposition of Barbara Pankosky, taken April 30, 2002 (Exh. E); excerpts from deposition of Joan Millot, taken April 30, 2002 (Exh. F); and copy of "Overall Plan of Services," issued March 3, 1986 (Exh. G).

[3] Plaintiffs received two extensions to file this reply brief. (See Dkt. #166 & 10/1/03 endorsement thereon; Dkt. #170 & 10/7/03 endorsement thereon).

Attached as Exh. 1 is a copy of Defendants' Response to Plaintiffs' "Request for Disclosure and Production," dated May 7, 2003.

AO 72A
(Rev. 8/82)

of Defendants' Answers and Objections to Requests for Admission and for an Order Deeming Matters Admitted (Dkt. #137) is <u>granted in part and denied in part</u>.

## I. FACTUAL BACKGROUND

Plaintiffs served either 141 or 142[4] Requests for Admission on or about January 29, 2003, the majority of which relate to defendants' policies and practices. (Dkt. #137, Exh.). According to plaintiffs, defendants, in response, filed General Objections to "the entire set of proposed admissions" and defendants' answers to forty-nine of plaintiffs' Requests for Admission are "not responsive or evasive." (Dkt. #138, at 1). Plaintiffs acknowledge that defendants have submitted numerous legitimate denials or qualifications and, therefore, take no issue with eighty-one of the submitted responses. (Dkt. #172, at 6). Additionally, plaintiffs have withdrawn eighteen of their requests based on defendants' objections and submitted revised requests. (<u>Id.</u>). However, according to plaintiffs, "[d]efendants have [still] failed to adequately respond to [forty-three][5] requests and have interposed a series of 'General Objections' that have no place in a Reply to Admissions." (<u>Id.</u>). Plaintiffs request that the Court overrule defendants' General Objections and "determine the matter deemed admitted, pursuant to Rule 36(a) [of the Federal Rules of Civil Procedure]" where defendants' response is evasive or unresponsive. (Dkt. #138, at 1-2).

In response, defendants contend that their answers were "not responsive or evasive," but rather were "admissions, at least in part, but contained qualifications necessitated by the vague and/or imprecise use of language by [p]laintiffs' counsel." (Dkt.

---

[4]Plaintiffs' Requests for Admissions, dated January 29, 2003, contain 141 requests. (Dkt. #137, Exh.) Both sides refer to 141 and 142 requests in their motions and briefs. (Dkt. #138, at 39; Dkt. #156, at 1 & 31; Dkt. #172, at 2 & 65).

[5]Before the Court are forty-nine Requests for Admissions. (Dkts. ##138, 156, & 172). In plaintiffs' reply brief, plaintiffs have withdrawn six Requests. (<u>See</u> Sections II.B.1-3 <u>infra</u>).

2

#156, at 1). According to defendants, "plaintiffs' motion to overrule [G]eneral [O]bjections should be overruled" as defendants have the right to reserve their right to object, revise, correct, supplement or clarify their responses at a later time (id. at 3-5), defendants have the right to invoke the work product doctrine or attorney client privilege where applicable (id. at 5), and defendants may object to requests that are beyond the scope of permissible discovery, are overly broad, vague, ambiguous or unduly burdensome (id. at 5-6). Additionally, defendants contend that plaintiffs' motion that forty-nine answers be deemed admitted without qualification should be denied. (Id. at 6-31).

## II. DISCUSSION

Rule 36(a) of the Federal Rules of Civil Procedure provides "[a] party may serve upon any other party a written request for the admission, . . . of the truth of any matters within the scope of Rule 26(b)(1). . . . " The 1970 Amendment in the Advisory Committee Notes to this Rule provide that such request may be "made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact." Moreover,

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

FED. R. CIV. P. 36(a). "An important purpose of this rule is to reduce the cost of litigation, by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts." Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988)(multiple citations omitted). Thus, in a complex case such this, Requests for Admission should be used to illicit responses which are "efficient resolutions of factual issues" and "lend clarity to the presentation of disputed facts

3

in the litigation." Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

In order to reap the benefits of this procedure, both parties must invest their time during discovery to ward off the additional investment of time and potential for confusion of issues during trial. Thus, the party seeking admissions must draft the requests simply and directly so that the party from whom a response is sought may respond to the request by admitting, denying or objecting upon examination. Vague or ambiguous requests are not permitted. See Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). If a party objects, "the reasons therefor shall be stated." FED. R. CIV. P. 36(a). In the case of a denial, "[t]he answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Id. A denial, when necessary, must be "forthright, specific and unconditional." Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 79 (W.D.N.Y. 2000)(citation omitted). However, there are times when an admission or denial will not suffice; a qualification of a response is necessary. Pursuant to the Rule, "[a] denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." FED. R. CIV. P. 36(a). A qualification is permitted if "the statement, although containing some truth, . . . standing alone out of context of the whole truth . . . convey[s] unwarranted and unfair references." Henry, 212 F.R.D. at 77-78, citing Diederich v. Department of Army, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)(citation omitted).

Rule 36(a) further provides: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party

4

AO 72A
(Rev. 8/82)

is insufficient to enable the party to admit or deny." See also 7-36 MOORE'S FED. PRACTICE - CIVIL § 36.11[5][d] (2003).  The response must evidence the party's reasonable inquiry.

When a party moves to determine the sufficiency of the answers or objections, and the court finds that such objection is not justified, the court "shall order that an answer be served." FED. R. CIV. P. 36(a).  "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served[]," or, "in lieu of these orders, determine that a final disposition of the request be made at a pre-trial conference or at a designated time prior to trial." Id. Additionally, an unjustifiable objection may subject the objecting party to sanctions. See FED. R. CIV. P. 36(a), 37(c)(2).

### A. GENERAL OBJECTIONS

Both parties acknowledge, and this Court agrees, that a case of this complexity requires extensive discovery.  The parties are engaged in thorough discovery, much of which has been the subject of extensive motion practice.  At issue now are defendants' objections to forty-nine of plaintiffs' Requests for Admission.  In addition to the forty-nine Specific Objections, defendants have made five General Objections.  General Objections without any reference to a specific request to admit are meritless. Henry, 212 F.R.D. at 78, citing Diederich, 132 F.R.D. at 616.  According to the parties, however, defendants present five General Objections incorporated by reference into their answers to specific requests. (Dkt. #156, at 3; Dkt. #172, at 6).

In their first General Objection, defendants stated that "by providing responses [defendants] were not waiving their right to raise objections at a later time, *inter alia*, to the relevance, admissibility or materiality of evidence, or on grounds of privilege." (Dkt. # 156, at 3).  Likewise, defendants' third General Objection, which plaintiffs characterize as "overly

5

broad and evasive," is an invocation of the work-product doctrine, attorney-client privilege or other privilege where applicable. (Dkt. #138, at 4; Dkt. #156, at 5; Dkt. #172, at 8).

Plaintiffs correctly note that Rule 36(b) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission," and defendants' reservation of objection does not obviate the procedure required by the Rule. Thus, as provided by Rule 36, defendants' admissions are conclusively established unless and until the Court, on motion, permits defendants to withdraw or amend such admission.

Plaintiffs request that defendants identify which Requests for Admission have not been answered, if any, due to a claim of privilege, similar to the "Privilege Log" requirement. (Dkt. #138, at 4). Defendants have not specified which documents, if produced, would be privileged, nor have they had the occasion to thus far. Rather, defendants are reserving their right to object to any admissions which would be protected as privileged. Defendants' objection to a Request for Admission may be based on the responding party's claim that the information sought is confidential or involves privileged matters, such as the attorney-client privilege. See 7-36 MOORE'S FED. PRACTICE - CIVIL § 36.11[5][c]. However, defendants have not articulated a basis for objecting to any specific requests in terms of specific confidential communications or attorney work product. "It is a direct reflection of the merit of [this] 'General Objection[ ]' that none of defendant[s'] 'Particularized Objections' are grounded in attorney/client privilege or attorney work product." Deiderich, 132 F.R.D. at 617. Moreover, any objection on this basis must be "sufficiently particularized and properly articulated to this court." Id. Thus, defendants' General Objections grounded in claims fo privilege which do not reference specific requests are "meritless." Henry, 212 F.R.D. at 78, citing Deiderich, 132 F.R.D. at 616.

AO 72A
(Rev. 8/82)

Additionally, in their first General Objection, defendants also objected to the use of their responses in subsequent proceedings. (Dkt. #156, at 3-4). Defendants' objection is consistent with Rule 36(b) which provides that "[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding."[6] A General Objection is not necessary to preserve this right, which is articulated in the Rule.

In their second General Objection, defendants assert that they "had made diligent efforts to ascertain the information responsive to each Request, but reserve the right to revise, correct, add, supplement or clarify their responses in the future in accordance with the Federal Rules of Civil Procedure." (Dkt. # 156, at 4). Plaintiffs interpret this objection to mean that defendants have not satisfied their "affirmative duty to acquire all such information and facts as would be necessary to determine if they can admit or deny the Requests for Admission." (Dkt. #138, at 4). Defendants' assertion that they have made "diligent efforts to ascertain the information responsive to each Request," satisfies their burden of presenting evidence that a reasonable inquiry was made in an attempt to respond to the request. See FED. R. CIV. P. 36(a). Defendants have reserved their right to make changes to their responses "in accordance with the Federal Rules of Civil Procedure" which, in accordance with Rule 36(b), as discussed above, will require defendants to seek leave of the Court. A General Objection is not necessary to preserve this right, which is articulated in the Rule.

Defendants' fourth General Objection "applies to the Requests to the extent they are beyond the scope of permissible discovery, are overly broad, vague, ambiguous or unduly burdensome" and such objection is explicitly incorporated into their specific responses. (Dkt.

---

[6]Plaintiffs do not address this issue in their reply brief. (Dkt. #172).

7

#156, at 5-6). Defendants may validly object to a Request for Admission if the requested matter goes beyond the scope of discovery. Because the scope of discovery is still being argued by the parties before this Court (see Dkts. ##179-180), defendants' reservation of this objection is reasonable. However, to the extent that defendants argue in their fourth General Objection that such Requests are "overly broad, vague, ambiguous or unduly burdensome" is again reiterated in their Specific Objections to specific requests, such objection is superfluous.[7]

Finally, defendants' fifth General Objection contends that "that [p]laintiffs already have the requested information in their possession or otherwise have equal access to the information." (Dkt. #156, at 6). According to defendants, this objection is made to preserve any arguments that plaintiffs have not been prejudiced if any documents are inadvertently omitted from the response, not to obviate their obligation to make a "reasonable inquiry" and to answer all Requests. (Id.). In response, plaintiffs claim they are not "equally well situated to respond to the Request for Admission." (Dkt. #138, at 5).

The "purpose of [R]equests for [A]dmissions are to seek defendant[s'] agreements as to alleged fact. Whether plaintiff[s] could obtain the information independently or whether certain facts are within plaintiff[s'] knowledge are irrelevant considerations." Diederich, 132 F.R.D. at 617.

---

[7]The objections of "vague," "ambiguous" and "overly broad" will be addressed along with the Specific Objections in Section II.B. infra.

8

### B. SPECIFIC OBJECTIONS[8]

#### 1. VAGUELY WORDED REQUESTS SUBJECT TO REVISION

Of the forty-nine Requests at issue, eighteen are so vaguely worded as to be unclear in meaning: Nos. 2, 3, 4, 5, 19, 48, 51, 57, 59, 80, 87, 112, 114, 116, 118, 127, 128 and 139. Plaintiffs must rewrite these Requests or withdraw them.

Plaintiffs have withdrawn Request No. 82 and "will submit a reworded request as part of Plaintiffs' Second Request for Admissions" (Dkt. #172, at 48), and plaintiffs have withdrawn their objection as to Request No. 86. (Dkt. #172, at 50).

#### 2. REQUESTS THAT INCLUDE A MISCONSTRUCTION, MISQUOTE OR OTHER MISINTERPRETATION OF DEPOSITION TESTIMONY

Plaintiffs seek admissions based on testimony given during the depositions of three DMR staff members: Joan Millot, Barbara Pankoksy, and Dr. Andrew Wagner. Despite plaintiffs' contention that "[a]lthough [they] cite certain testimony to illustrate the underlying basis for their inquiry, the content for the question is not limited, nor dependent, on such origin," the admissions sought are based on information acquired from these sources. (Dkt. #172, at 26-27). Ten Requests misconstrue, misquote or otherwise misinterpret specified testimony: Nos. 11, 14, 26, 45, 54, 55, 56, 64, 67,[9] and 135. Plaintiffs must rewrite these Requests, and if applicable, quote the exact language upon which they rely, so that defendants may admit or deny without qualification on the basis of a misconstruction or

---

[8] As a preliminary matter, the Court notes that plaintiffs are in violation of Local Rule 37(a)(3) which reads: "Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item." (See Dkt. #138).

[9] In their reply brief, plaintiffs contend that "[a]lthough [they] have not chosen to ask the Court to consider the sufficiency of [d]efendants' answer to this Request, [d]efendants have availed themselves of the opportunity to further present their argument and expand their answer." (Dkt. #172, at 44). In fact, plaintiffs did ask the Court to consider this answer. (Dkt. #138, at 22). Accordingly, if plaintiffs have withdrawn their contention as to this specific Request, the Court's ruling as to Request No. 67 is moot.

9

AO 72A
(Rev. 8/82)

misinterpretation of their testimony. Otherwise, plaintiffs must withdraw these requests or accept the answers given by defendants.

As to Requests Nos. 79, 79.a, and 93,[10] plaintiffs have withdrawn these Requests and "will submit a reworded request as part of Plaintiffs' Second Request for Admissions." (Dkt. #172, at 46-47, 52)(emphasis omitted).

### 3. RESPONSES SUFFICIENT AS ANSWERED

Of the forty-nine Requests, eleven of defendants' responses are sufficient as defendants have properly denied Requests Nos. 9, 13 and 63, or have qualified their responses as necessary: Nos. 8, 16, 17, 40, 62, 70, 85, and 129.

Plaintiffs have withdrawn Request No. 94 and "will submit a reworded request as part of Plaintiffs' Second Request for Admissions." (Dkt. #172, at 52).[11]

### 4. NON-RESPONSIVE ANSWERS/ NOT SUFFICIENT INFORMATION:

Of the forty-nine Requests, four of defendants' responses are "denied" or "admitted in part," followed by a statement that is non-responsive: 15, 60, 130,[12] and 133.[13]

---

[10] In their reply brief, plaintiffs contend that "[a]lthough [they] have not chosen to ask the Court to consider the sufficiency of [d]efendants' answer to this Request, [d]efendants have availed themselves of the opportunity to further present their argument and expand their answer." (Dkt. #172, at 52). In fact, plaintiffs did ask the Court to consider this answer. (Dkt. #138, at 29).

[11] In their reply brief, plaintiffs contend that "[a]lthough [they] have not chosen to ask the Court to consider the sufficiency of [d]efendants' answer to this Request, [d]efendants have availed themselves of the opportunity to further present their argument and expand their answer." (Dkt. #172, at 52). In fact, plaintiffs did ask the Court to consider this answer. (Dkt. #138, at 29-30).

[12] In their reply brief, plaintiffs contend that "[a]lthough [they] have not chosen to ask the Court to consider the sufficiency of [d]efendants' answer to this Request, [d]efendants have availed themselves of the opportunity to further present their argument and expand their answer." (Dkt. #172, at 62). In fact, plaintiffs did ask the Court to consider this answer. (Dkt. #138, at 36). Accordingly, if plaintiffs have withdrawn their contention as to this specific Request, the Court's ruling as to Request No. 130 is moot.

[13] In their reply brief, plaintiffs contend that "[a]lthough [they] have not chosen to ask the Court to consider the sufficiency of [d]efendants' answer to this Request, [d]efendants have availed themselves of the opportunity to further present their argument and expand their answer."

10

Defendants must amend their response to eliminate the non-responsive statement and/or to directly answer the Request.

### III. CONCLUSION

For the reasons stated above, plaintiffs' Motion for Determination of the Sufficiency of Defendants' Answers and Objections to Requests for Admission and for an Order Deeming Matters Admitted (Dkt. #137) is <u>granted in part and denied in part.</u> Defendants' supplemental responses, as required in Section II.B.4. supra shall be served upon plaintiffs' counsel **on or before December 5, 2003**, and plaintiffs' Second Requests for Admissions, as addressed in Sections II.B.1-3 supra, shall be served upon defense counsel **on or before December 12, 2003**

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

---

(Dkt. #172, at 63). In fact, plaintiffs did ask the Court to consider this answer. (Dkt. #138, at 36-37). Accordingly, if plaintiffs have withdrawn their contention as to this specific Request, the Court's ruling as to Request No. 133 is moot.

11

Dated at New Haven, Connecticut, this 12th day of November, 2003.

                                                Joan Glazer Margolis
                                                United States Magistrate Judge

AO 72A
(Rev. 8/82)