IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

Nov 13   2 58 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

-----------------------------------------------------------X
:
ARC/CONNECTICUT, ET AL.            :        3:01 CV 1871(JBA)
:
:
v.                                 :
:
:
PETER H. O'MEARA ET AL.            :        DATE: NOV. 13, 2003
:
-----------------------------------------------------------X

RULING ON PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH DISCOVERY REQUESTS

Familiarity with the factual and procedural history of this complex litigation is presumed. Pending before the Court is plaintiffs' Motion for Order Compelling Compliance with Discovery Requests[1] and brief in support[2] (Dkts. ##140-141), filed July 24, 2003, as to which defendants filed their brief in opposition on August 19, 2003 (Dkt. #154).[3] Plaintiffs filed their reply brief on September 16, 2003. (Dkt. #165).

On June 10, 2003, during the deposition of Martha Shippee ["Shippee"], defense counsel stated that he has

> an e-mail memorandum . . . from . . . Laurie Deane . . . addressed to a Mary Moriarty . . . [that] relate[s] to [an explanation of what DMR staff is supposed to do when they receive an application when someone wants to apply for

---

[1] The following three exhibits are attached: (1) copy of Notice of Deposition of Custodian of Records and Subpoena Testificandum and Duces Tecum, dated May 28, 2003 (Exh. A); (2) copy of Notice of Deposition for Martha Shippee, dated June 2, 2003 (Exh. B); and (3) copy of Declaration of Good Faith Attempts to Resolve Dispute, dated July 23, 2003 (Exh. G [sic]).

[2] Seven exhibits are attached: another copy of Notice of Deposition of Custodian of Records and Subpoena Testificandum and Duces Tecum, dated May 28, 2003 (Exh. A); another copy of Notice of Deposition of Martha Shippee, dated June 2, 2003 (Exh. B); copy of excerpts from deposition of Martha Shippee, taken on June 10, 2003 (Exh. C); copy of DMR Central Office Organizational Structure diagram, dated June 2003 (Exh. D); copy of DMR Central Office webpage (Exh. E); copy of excerpts from deposition of John Cuyler, taken on May 27, 2003 (Exh. F); and Declaration of Good Faith Attempts to Resolve Dispute, dated July 23, 2003 (Exh. G).

[3] Attached as Exh. A is copy of defendants' privilege log.

> HCBW services]. [The e-mail is] . . . a limited communication. It wasn't issued to either a region, or generally, . . . and it was more privileged and confidential. And, therefore, we feel that this is an attorney-client document which at this time we are withholding on the grounds of privilege.

(Dkt. #141, Exh. C, at 12-13).[4]

Two weeks earlier, on May 29, 2003, defendants had filed a Motion to Quash a subpoena served upon defendant Peter O'Meara, and in their reply brief defendants first asserted that this e-mail memorandum is protected from discovery by the attorney-client privilege. (Dkt. #131, at 7). In her Ruling on Defendants' Motion to Quash and for Sanctions, filed July 31, 2003 (Dkt. #150)["July Ruling"], this Magistrate Judge noted that if defendants seek to "withhold the document based on privilege, defendants will be required to submit a privilege log which identifies the document, the parties to the communication, the relationship among the parties in the log and the litigation parties, the maintenance of confidence and sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." (At 3 n.5)(citations & quotations omitted). Attached to defendants' brief in opposition to the pending motion is a copy of defendants' "'Privilege Log' For The Deane E-Mail." (Dkt. #154, Exh. A).

In the pending motion, plaintiffs now request an order from this Court compelling defendant DMR to (a) designate a custodian of records as requested in the Notice of Deposition of Custodian of Records, dated May 28, 2003; (b) attend a deposition, as requested in the Notice; (c) produce documents responsive to the request in the Notice; and (d) produce documents identified in the Notice of Deposition of Martha Shippee, including but not limited to the e-mail memorandum from Laurie Deane ["Deane"] to Mary Moriarity

---

[4] Plaintiffs initially spelled the last name of the e-mail recipient as Moriarty (Dkt. #140, at 1-3; Dkt. #141, at 1-2, 3, 19 n.7, 20, 22), whereas defendants spell her last name as Moriarity (Dkt. #154, at 4, 7-11). In their reply brief, plaintiffs refer to her as Moriarity. (See Dkt. #165, at 1, 6, 10-12).

2

["Moriarity"] of May 3, 2003, concerning the process governing application under the Home and Community Based Waiver ["Deane e-mail"]. (Dkt. #140, at 1-2). Plaintiffs also move for an Order directing Shippee to answer questions concerning the Deane e-mail; directing opposing counsel to refrain from interfering with the appropriate questioning of Shippee; and requiring defendants to pay all costs, expenses, and attorneys fees relating to this motion and the reconvened depositions of the DMR custodian of records and Shippee. (Id. at 2).

In opposition, defendants contend that they did provide written objections, in the form of their Motion to Quash (Dkt. #121), to plaintiffs' notice to depose a "Custodian of Records" and for documents on grounds that plaintiffs' subpoena served on defendant O'Meara and the document requests "purported to direct DMR to designate a custodian of records to collect certain documents and appear for a deposition *in less than 48 hours*"; the subpoena and document requests represented an "end run" around the ongoing discovery process; and the "identical request for documents in the [s]ubpoena and Notice to Custodian was 'unreasonable, overly broad, vague and ambiguous.'" (Dkt. #154, at 2-3)(emphasis in original)(footnote & parentheses omitted). Plaintiffs counter that in fact defendants' Motion to Quash was made pursuant to FED. R. CIV. P. 45 which deals exclusively with subpoenas, not to the Notice of Deposition to which defendants never raised an objection, as is required by FED. R. CIV. P. 34. (Dkt. # 165, at 3-4).

Additionally, defendants again assert that the attorney-client privilege applies to the Deane e-mail. (Dkt. #154, at 4-7). Specifically, defendants assert that although they did not file a separate privilege log, defense counsel articulated "essentially all of the information required by the Local Rule and by applicable case law" and complied with FED. R. CIV. P. 26(b)(5) which requires that the claim of privilege must be made "expressly." (Id. at 6; see Dkt. #131, Exh. A). Moreover, defendants have now attached a privilege log for the Deane

3

e-mail only, because defendants have not identified any other documents responsive to plaintiffs' document request. (Dkt. #154, at 6-7 & Exh. A)(emphasis omitted).[5] Additionally, defendants contend that the privilege was not waived on behalf of DMR when Moriarity shared the e-mail since there is no evidence it was shared with anyone outside of the South Region of DMR; it was only shared with DMR employees who are Deane's clients; and it was not shared at Deane's behest or with her permission. (Id. at 10-11). Finally, defendants assert that Shippee was not improperly instructed to answer questions at her deposition and awarding sanctions would be inappropriate. (Id. at 11-15).

The July Ruling granted defendants' Motion to Quash the subpoena served upon defendant O'Meara, without prejudice to renewal if the procedural defect of serving the subpoena on defendant O'Meara rather than on the person who is being commanded to attend and produce records pursuant to FED. R. CIV. P. 45(a)(1)(C) & (b)(1) was not remedied. (Dkt. #150, at 3-4, 8). Additionally, the July Ruling held that the remedy for the unreasonably short time allotted by plaintiffs for compliance with subpoena, and for the production of the numerous documents sought therein, is to extend the time for compliance, not to quash the subpoena. (Dkt. #150, at 4-6). Rather than complying with the July Ruling's directive, plaintiffs instead have filed this pending motion.

As plaintiffs observe, "[t]he central fact [at issue here] is that there exists [some correspondence, whether in e-mail or memorandum form] from Laurie Deane in the DMR Central Office to Mary Moriarty in the South Region, dated May 2003, explaining how to process applications for the HCBW submitted by DMR clients who need waiver-eligible services but are not currently receiving them." (Dkt. #141, at 3). Before the Court addresses

---

[5]According to defendants, the Deane e-mail "may have been forwarded" by Moriarity to case managers under her supervision and to other case management supervisors in her Region, but this was not contemplated by Deane. (Dkt. #154, at 8).

the merits of the arguments plaintiffs assert in support of this motion (notwithstanding plaintiffs' contentions which are made without regard to this Magistrate Judge's July Ruling), regarding documents defendants claim are protected by the attorney-client privilege, **on or before November 21, 2003**, defendants shall submit to this Magistrate Judge for her *in camera* review all documents at issue, including but not limited to the Deane e-mail.[6]

For the reasons stated above, plaintiffs' Motion for Order Compelling Compliance with Discovery Requests (Dkt. #140) is granted to the limited extent that Court orders an *in camera* review.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same)**; FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 13th day of November, 2003.

Joan Glazer Margolis
United States Magistrate Judge

---

[6] To the extent no other documents exist, defendants cannot be compelled to produce documents other than the Deane e-mail. (See Dkt. #154, at 6-7).

5