UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 19 10 03 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| ARC/CONNECTICUT, et al., | : |
|     Plaintiffs, | : 3:01CV1871 (JBA) |
| v. | : |
| PETER H. O'MEARA, et al., | : |
|     Defendants. | : November 18, 2003 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION
TO RULING ON DISCOVERY
[PLAINTIFFS' AND DEFENDANTS' MOTIONS FOR RECONSIDERATION]**

**I.    Introduction**

Defendants, by their undersigned attorneys, respectfully submit this response to Plaintiffs' Objection To Ruling On Discovery dated October 17, 2003 (hereinafter referred to as "Plaintiffs' Objection"), to the Magistrate Judge's Ruling on Plaintiffs' and Defendants' Motion for Reconsideration dated September 12, 2003 (hereinafter referred to as "Ruling on Reconsideration"). This Ruling on Reconsideration addressed motions by both Plaintiffs and Defendants for reconsideration of the Magistrate Judge's Ruling on Plaintiffs' Request that the Names, Addresses and Other Identifying Information About DMR Clients on the DMR Residential and Planning Lists and their Guardians be Produced, dated June 9, 2003 (hereinafter referred to as "June Ruling"). In the June Ruling, the Magistrate determined, *inter alia*, that Plaintiffs were entitled to the names and certain identifying information of more than two thousand DMR clients on the DMR Waiting and Planning Lists (hereinafter collectively referred to as "Lists") in order "to determine those who fall within the exact membership of the class,"

21434_1                                    1

but that this discovery must be balanced against the right to privacy of non-class members, both DMR clients and their guardians, and personal information about the clients' guardians need not be disclosed without their consent. June Ruling at 8-12, 19; Ruling on Reconsideration at 1-2.

Repeating arguments they have raised before, and which were addressed before by the Court's Rulings, Plaintiffs claim that they should also be entitled to unimpeded discovery of information about guardians and family members of DMR clients. These arguments continue to evidence the same confusion they evidenced before. In particular, Plaintiffs either fail to recognize or willfully ignore the important distinction between membership in the class defined in this case, *i.e.*, DMR clients who are or would be eligible for federal Waiver benefits if they were to apply, and DMR clients on DMR Lists for *State-funded services* who are merely *potential* class members. This misunderstanding pervades Plaintiffs' arguments aimed at obtaining broad discovery of information about guardians and family members.[1]

For example, by assuming that all DMR clients on the Lists are class members, Plaintiffs can disregard the fact that these clients, their guardians and family members are not parties to the litigation and, therefore, have a higher expectation of privacy than named or identified class members. The Magistrate's Ruling recognizes this distinction by establishing an ordered and phased discovery plan that attempts to balance Plaintiffs' discovery needs with individuals' rights to privacy and the need to protect the confidentiality of personal information. Plaintiffs, however, would simply trample the privacy rights of the guardians and family members in the interest in pursuing expeditious discovery.

---

[1] Plaintiffs' Objection begins with a lengthy and largely lopsided, revisionist version of Plaintiffs' own arguments and perspectives regarding the "facts" of the case. The Court presumably is familiar with the accurate history of this dispute as set forth in pleadings and in the Magistrate Judge's Rulings. Therefore, Defendants will restrict themselves to addressing the arguments presently before the Court rather than trying to counter the many inaccuracies and misstatements in Plaintiffs' brief.

## II. The Magistrate Judge's Discovery Plan Is Designed To Protect The Privacy Interests Of Non-Parties, While Affording Plaintiffs Reasonable Discovery Into Class Allegations

In her June Ruling, as explicated in her Ruling on Reconsideration, the Magistrate Judge directs the Defendants, in the first instance, to produce a list containing the names of all DMR clients on the DMR Waiting and Planning Lists, along with their addresses, Priority status,[2] and the responsible DMR Regions. Ruling on Reconsideration at 13. There are over two thousand individuals on those Lists who are merely *potential* class members. The Court has ruled, however, that although these potential class members have a greater expectation of privacy than the certified named class members who are asserting claims on their behalf, this expectation of privacy does not preclude limited disclosure of this identifying information. June Ruling at 11.

Ruling that production of complete files for everyone on the master Lists would be unduly burdensome at this juncture, the Magistrate Judge observes that the information on these Lists will allow Plaintiffs to select a sample of individuals about whom they wish to seek additional discovery. Ruling on Reconsideration at 13. Production of complete files for the individuals in that sample may then be produced. Id. However, personal and identifying information about those clients' guardians may be redacted by the Defendants. Id. This recognizes that these guardians have an even greater expectation of privacy than the DMR clients (and potential class members) whose records are being produced. June Ruling at 19. At this

---

[2] The Magistrate did not initially rule that Defendants were required to produce information on clients' Priority Status as Plaintiffs suggest (Plaintiffs' Objection at 9), but ruled that Defendants' Priority System was not relevant to a determination of Waiver eligibility. In response to Defendants' motion, however, the Magistrate reconsidered this point and agreed that such information was relevant and should be produced. Ruling on Reconsideration at 8. The Magistrate did not agree with Defendants, however, that the Priority status provides a basis for determining class membership at this stage. *See* discussion at n. 3 *infra*.

21434_1                                    3

stage of the discovery process, the Rulings recognize that disclosure of guardians' private information is not justified by Plaintiffs' claimed discovery needs.[3]

The Magistrate Judge's discovery plan next provides that, after the individual clients' files are reviewed, the Plaintiffs may ask the Court to revisit the issue of redaction of guardians' identifying information. Ruling on Reconsideration at 14. The Magistrate also addresses Plaintiffs' claims (raised again in the instant Objection) that redaction will cause "unreasonable delay and disruption of discovery," calling this assertion "unavailing" and stating that this argument "does not justify sacrificing the privacy and confidentiality of the guardians." Id. In addition to balancing the competing interests, the Magistrate Judge clearly signals a willingness to accommodate Plaintiffs' need for additional information when and if the need arises.

Finally, the discovery plan contemplates a process whereby the parties will be asked to agree upon and fashion the terms of an appropriate notice which will request the consent of guardians for release of their information or for permission to be contacted by Plaintiffs' counsel. Id. at 14-15. This provision is designed to afford continued protection for guardians' privacy while alleviating Plaintiffs' unfounded fear that guardians might receive misinformation about the case from Defendants. Id.

The Magistrate Judge's Rulings thus attempt to achieve a balance between "legitimate and weighty" competing interests. Plaintiffs, however, see no necessity of any "balance" at all and argue against any limitations on their alleged "entitlement" to unimpeded access to information about guardians and family members, including the right to personally contact them. Plaintiffs can only make this argument by (1) confusing the status of class members and

---

[3] Information about "family members" is not even addressed in these Rulings, obviously because it is evident that without the imprimatur of the Probate Court, family members who have not been appointed to represent individuals incapable of managing their own affairs have neither the fiduciary duty imposed by that appointment nor the right to speak on behalf of those individuals.

21434_1                                      4

*potential* class members and their guardians, and (2) by misunderstanding or misrepresenting the legitimate expectation to privacy of non-parties to this litigation.

## II. Plaintiffs' Arguments Are Premised On Their Persistent Misidentification Between Members Of The Class And DMR Clients Who Simply Might Be Class Members

Plaintiffs' Objection often seems confusing, in part because it reflects Plaintiffs' persistent misunderstanding of, or willful indifference to, the fact that being a DMR client on the Lists for *State-funded DMR services* is *not* the same as membership in the class approved by the Court which, *inter alia*, entails eligibility for HCB Waiver services. This fundamental error pervades Plaintiffs' Objection, despite the fact that the Court itself has recognized and reiterated that discovery directed towards identifying *potential* class member among DMR clients does not mean that thousands of DMR clients on the Lists *are* class members. As the Magistrate Judge observed:

> The individuals who qualify as class members *may become* clients of plaintiffs' counsel and their placement on the Lists make them *potential* class members, but as thoroughly addressed, not all DMR clients are clients of plaintiffs' counsel since class members must also be eligible for Waiver services.

Ruling on Reconsideration at 14 n.2 (emphasis added); *see also*, June Ruling at 8 ("plaintiffs are entitled to discovery into all of the *potential* class members covered by this action"; "further discovery is necessary *to determine those who fall within the exact membership of the class*") (emphasis added).

Repeated, careless references to "class members" instead of "DMR clients" permeate Plaintiffs' Objection. For example:

> [T]he Ruling . . . requires written permission of guardians and family members *of class members* or redaction of all references to the guardians and/or family members *of class members* before documents maintained by defendants *on class members* may be obtained through discovery.

Plaintiffs' Objection at 1.

21434_1          5

|  |  |
|---|---|
|  | The Ruling. . . holds those guardians' and family members' confidential information . . . must be treated differently than *class member's* [sic] identifying information. |
| Id. at 2. |  |
|  | Plaintiffs also argued that the Ruling would authorize improper contacts between defendants and plaintiffs' client (*the class*).[4] |
| Id. at 7. |  |
|  | [T]he Court acknowledged that under Connecticut law . . . the guardian is the primary decision maker *for class members*. . .[5] |
| Id. at 8. |  |
|  | The Court asserts that guardians and family *of class members* are non-parties to this lawsuit. . . |
| Id. at 10. |  |
|  | The Court finds that under HIPAA the defendants must treat guardians as *class members*.[6] |
| Id. at 11. |  |
|  | The Court provides no explanation as to why . . . plaintiffs [will] be allowed to conduct discovery as to documents containing identifying information *about class members*, but not as to . . . guardians' identifying information. |
| Id. |  |
|  | Asserting that class counsel must be able to communicate '*with the class as a whole*', *i.e.*, must be able to contact guardians and family members. |
| Id. at 20. |  |
|  | Claiming that plaintiffs' experts wish to contact 'a sample of guardians or other responsible caregivers *for class members* . . ..' |

---

[4] As the Magistrate Judge noted, "not all DMR clients are clients of plaintiffs' counsel. . ." Ruling on Reconsideration at 14 n. 21.

[5] The citation actually states: "A guardian is the 'primary decision maker' appointed by the Probate Court for an individual found not capable of managing his/her affairs." Ruling on Reconsideration at 11 (citation to Connecticut statute omitted).

[6] The Court's citation actually states that "a covered entity must treat a 'personal representative as the individual'." Ruling on Reconsideration at 12.

21434_1            6

Id. at 21.

> The Magistrate Judge's Ruling effectively prohibits contact between class counsel and his experts *and the guardians of class members* . . .

Id. at 22.

> Requesting permission for experts 'to contact a small sample of guardians and/or family *of class members*' to make assessments.

Id. (emphasis added throughout).

Carelessly misidentifying "class members" with DMR clients who are merely *potential* class members enables Plaintiffs to argue that these clients and their guardians and family members have a lesser right to privacy which may be overridden by Plaintiffs' own interests in discovery. But this is not the case because non-parties to litigation, including DMR clients who are only "potential" class members as well as their guardians and family members, have a greater expectation of privacy in their personal information (and especially protected medial and health records) than certified class members.

### III. The Rights Of Guardians And Family Members To Privacy Are Entitled To The Protections Which The Magistrate Judge's Ruling Affords

There is a basic right to privacy and confidentiality that all individuals have in avoiding the disclosure of personal matters. Burka v. New York City Transit Auth., 110 F.R.D. 660 (1986). While this privacy interest is not absolute and must be balanced with other relevant factors, it is a "fundamental" right that is undeniably based in the Constitution and "implicit in the concept of ordered liberty." *See discussion* in Whalen v. Roe, 429 U.S. 589, 598-600 (1977) at footnotes and cases cited therein. As the Magistrate Judge correctly recognizes, non-parties to litigation, including guardians, family members and DMR clients who are not class members, have a greater expectation of privacy than certified class members. *See* Burka, 110 F.R.D. at 665

(while a party to litigation must reasonably anticipate that his or her personal matters will be disclosed, "a non-party having no stake in the litigation retains a greater expectation of privacy").

Yet, the Court has determined that Plaintiffs' interest in determining which clients on the DMR Lists may be class members justifies an initial intrusion into the privacy of these clients, even if they are currently non-parties to this litigation. June Ruling at 8. However, this does not justify trampling the rights of thousands of other non-parties, the guardians and family members of those clients. Therefore, the Court has also provided for a phased discovery process that will only require disclosure of guardians' private and confidential information when and if it becomes necessary, and with appropriate added protections.

Contrary to the Plaintiffs' assertions, the Court's approach adheres closely to the four-part balancing "test" articulated by the district court in Lora v. Board of Ed. of the City of New York, 74 F.R.D. 565 (E.D.N.Y. 1977). The analysis set forth in Lora, as well as in Burka, *supra*, clearly supports the Court's attempt to strike a necessary but reasonable balance of competing interests, *viz.*: (1) Identification of guardian or family information is *not* required in order to effectively use the data concerning individuals on the Lists to select a "small sample" for further review; (2) Obtaining guardians' consent will assure that invasion of privacy will be limited "to the narrowest possible extent"; (3) The information will be subject to a Protective Order; and (4) While guardian information may prove to be necessary when the "smaller sample" is reviewed, at this time it is "simply desirable" to Plaintiffs. Lora, 74 F.R.D. at 579.

Plaintiffs attempt to differentiate Burka and Lora by pointing to those courts' recognition that the interest of non-party employees and students, respectively, were outweighed by the need of the plaintiffs for discovery. But that is the same balance which the Court has attempted to achieve here – ruling that the interest of thousands of DMR clients who are not parties to the

litigation, but could be "potential" class members, requires the limited, phased disclosure of names and identifying information, then samples of comprehensive files, and so on. Moreover, the Court explicitly acknowledged that Plaintiffs in this case "seek much broader discovery than the relatively narrowly tailored discovery sought in those cases [Lora and Burka]." June Ruling at 9. The Court found that while broader discovery was appropriate here, added protections were necessary to protect the interests of the guardians.[7]

Plaintiffs once again reference the Protective Order that was entered in this case which they moved to amend to include language protecting confidential information disclosed about guardians.[8] While Defendants have acknowledged and agree that this information about guardians absolutely merits protection from disclosure, this does not justify the release of private and confidential information that is otherwise unwarranted. The parties to this litigation cannot waive the confidentiality rights of these guardians, or other persons, by merely agreeing to a Protective Order. A Protective Order is not a "sword" to compel production of otherwise confidentially-protected information, but rather a "shield" to protect information which has otherwise been disclosed pursuant to the Court's orders. The Magistrate Judge explicitly recognized this position by noting that even if the Protective Order were to be extended to guardians, "the existence of the Protective Order only ensures confidentiality and does justify an intrusion into [guardians'] privacy." Ruling on Reconsideration at 13.

Finally the Court's concern with protecting the identifying information of guardians (and family members) is justified in order to protect them from unwanted and intrusive contact by Plaintiffs' counsel seeking to promote this litigation." Plaintiffs claim that "class counsel"

---

[7] While non-party guardians of non-party DMR clients clearly have legitimate privacy interests that must be protected, *"family members"* who have never sought nor received the legal status of guardians and who have neither the fiduciary responsibilities nor the right to act on behalf of DMR clients, have an unimpeachable right to the protection of their private and confidential information which, absent their unequivocal consent, cannot be breached.

21434_1                                 9

should be allowed to contact "guardians of class members" [sic] to "fully inform himself about the problems class members [sic] and their guardians are having relating to implementation of the Waiver," and to "communicate with the class [sic] so that the class as a whole is properly represented." Plaintiffs' Objection at 21. More significantly, Plaintiffs' counsel's agenda is clearly reflected by the assertion that the Court "appears to assume that allowing access to guardians' and family identifying information would result in hundreds of unsolicited telephone calls to uninformed guardians." Id. at 14. Tellingly, Plaintiffs do not deny that they would breach the privacy of many non-class members and their guardians.

Guardians and family members of DMR clients, who may or may not be class members, unquestionably have legitimate privacy interests in their personal information which the Court has sought to protect with a deliberate and phased plan for discovery. Plaintiffs offer no reasonable justification for overriding those important privacy interests.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs fail to demonstrate that the Magistrate Judge has erred by setting forth a plan for discovery that strikes the required balance between Plaintiffs' need for discovery to test their claims and the legitimate privacy interests of non-parties to the litigation, including guardians and family members of DMR clients. Plaintiffs' Objection should be overruled.

---

[8] Subsequent to the filing of Plaintiffs' Objection, the Court issued a Ruling on Plaintiffs' Motion to Amend the Protective Order, denying the motion without prejudice to renewal.

21434_1                                10

Respectfully submitted,
DILWORTH PAXSON LLP


_____
THOMAS B. YORK
Fed. Bar No. ct 17663
Steven B. Goodman
112 Market Street, 8th Floor
Harrisburg, PA 17101
Tel.: (717) 236-4812

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via facsimile and also via first-class, postage-prepaid mail on this ___18th___ day of November 2003 on the following individuals:

David C. Shaw, Esq.
34 Jerome Ave.
Suite 210
Bloomfield, CT 06002

Hugh Barber, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Thomas Fiorentino, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Mark Carta, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South, P.O. Box 1107
Darien, CT 06820

James P. Welsh, Esq.
Director, Legal & Government Affairs
CT Dept. of Mental Retardation
460 Capitol Avenue
Hartford, CT 06106


_Thomas B. York_
Thomas B. York