UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 25  4 18 PM '03

U.S. DISTRICT COURT

| | |
|---|---|
| ARC/CONNECTICUT, ET. AL. | : No. 3:01CV1871 (JBA) |
|     PLAINTIFFS | : |
| | : |
| vs. | : |
| | : |
| PETER H. O'MEARA, ET AL. | : |
| | : |
|     DEFENDANTS. | : NOVEMBER 12, 2003 |

## AMENDED PROTECTIVE ORDER

To protect the privacy of clients of the Department of Mental Retardation ("DMR") as well as their families and guardians, all parties' responses to discovery which include the names or other personally identifying information about such persons shall be treated in the following manner:

1.    The parties reserve any and all rights to object to any discovery requests. The defendants specifically reserve the right to object to the production of any information about families and guardians of clients of DMR based upon HIPAA or any other law that protects the confidentiality of this information. Nothing in this Protective Order shall be interpreted to limit or interfere with the normal operation of DMR. This Protective Order only applies to discovery responses made in the context of this litigation.

2.    Discovery responses which include the names or personally identifying

2

information about clients of DMR and/or their families and guardians shall be disclosed only to counsel for the parties or their expert consultants. Such information shall not be redisclosed by counsel for the parties or their experts, except as authorized below.

3. Counsel for the parties may disclose and discuss discovery responses containing personally identifying information about DMR clients and/or their families or guardians with their expert consultants and their clients, but only to the limited extent necessary to litigate this case.

4. Should attorneys for the parties find it necessary to disclose documents or data protected by this order to persons other than their clients or their experts, they shall give appropriate notice to opposing counsel. If, within ten (10) business days of such notice, opposing counsel fails to give approval to such disclosure, the counsel advocating the disclosure shall make an appropriate application to the Court.

5. Any persons to whom disclosure is to be made pursuant to paragraphs 2 and 3 of this Protective Order shall first read this Protective Order and shall be strictly bound by the obligation not to redisclose documents or data containing personally identifying information about clients of the DMR and/or their families or guardians, except to the extent authorized herein and shall sign the form attached hereto acknowledging knowledge of this Protective Order, of their responsibility not to disclose documents or data with personally identifying information and of the fact that they may be subject to contempt of Court if they violate their responsibilities under this Order.

6. Counsel shall provide copies of all Acknowledgements of Duty Not to Disclose completed by their clients or expert consultants.

7. All documents which include the names of clients of the DMR and/or their families and guardians or other personally identifying information about them shall be sealed when filed with the Court.

Dated at New Haven, Connecticut, this 25th day of Nov., 2003.

Hon. Joan Margolis
United States Magistrate Judge