UNITED STATES DISTRICT COURT    EXHIBIT B
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARC/CONNECTICUT, ET. AL. | : |
| | : 3:01CV1871 (JBA) |
| PLAINTIFFS | : |
| vs. | : |
| | : |
| PETER H. O'MEARA, ET AL. | : |
| | : |
| DEFENDANTS. | : JANUARY 7, 2004 |

### **PROPOSED SCHEDULING ORDER**

After considering the arguments of counsel, the Court hereby enters the following Scheduling Order:

1. A telephone conference shall be held between plaintiffs' experts and employees of the defendants most familiar with how information about persons on the DMR Residential Waiting and Planning Lists is stored electronically and on paper. This telephone conversation shall occur by no later than January 15, 2004. Counsel for the parties may participate in that conversation. The persons identified by defendants shall be knowledgeable about how the information about persons on the DMR Residential Waiting and Planning Lists is stored electronically and how it can be transferred expeditiously to plaintiffs' experts. Defendants' employees shall be accessible to plaintiffs' experts after the data is transferred to help resolve any problems that occur or questions that arise with regard to the use of the data. The persons identified by defendants must be knowledgeable about access to and transfer and manipulation

of the following data about persons on the DMR Residential Waiting and Planning Lists:

      DMR client's name
      DMR client's address
      DMR client's telephone
      DMR client's date of birth
      DMR client's Social Security Number or unique identification number
      Medicaid recipient  (yes  or  no)
      DMR client's priority status
      DMR client's on waiver (yes or no)

      DMR client's primary communication

      Case manager name
      Case manager office address
      Case manager telephone

      Day program name
      Day program telephone
      Type of day program

      Name of residential provider
      Type of residential setting

      Type of services currently received by DMR client's

      DMR client's has a guardian (yes or no)
      Guardian name or name(s) of other persons familiar with the needs of the DMR client and the planning that has been done for him/her (subject to Court's Ruling).
      Guardian/family member telephone (subject to Court's Ruling).
      Guardian /family member address (subject to Court's Ruling).

    2.  During the conference call identified in paragraph 1 above, target dates will be set for transmitting the agreed-upon information to plaintiffs' experts, the identification of a sample or approximately 250 persons from the DMR Residential Waiting and Planning Lists by plaintiffs' experts and the production of files of persons selected in the sample with information redacted

as ordered by the Court. However, the production of the data referred to in paragraph 1 above shall be completed by no later than January 30, 2004, the identification of the sample shall be completed by no later than February 17, 2004, and production of the files of persons selected in the sample with information redacted in accordance with the orders of the Court shall be completed by March 1, 2004.

      3. Defendants shall mail the attached Notice to Guardians and Family of DMR client's to the person(s) that the DMR case managers identify as the guardians or family member of DMR clients on the DMR Residential Waiting and Planning Lists who are most knowledgeable about needs of the DMR client's and the service planning that has occurred. Class counsel shall maintain copies of written communications he receives from the guardians/family following the mailing of this notice. Class counsel shall promptly notify counsel for the defendants as to the guardians/family who respond to the Notice in writing.

      4. Plaintiffs' experts will complete their expert tours and disclose their opinions in written reports by no later than May 1, 2004. During the expert tours plaintiffs' experts may contact the guardian/family member of each DMR client interviewed in the sample unless the guardian/family member indicates he/she does not wish to be interviewed.

      5. Depositions of plaintiffs' experts will be completed by no later than June 1, 2004.

      6. Defendants' experts will disclose their opinions in written reports by no later than August 2, 2004.

      7. Depositions of defendants' experts will be completed by no later than September 1,

2004.

    8.  Disclosure of plaintiffs' supplemental expert reports will be completed by September 15, 2004.

    9.  Depositions of plaintiffs' experts regarding their supplemental reports will be completed by October 1, 2004.

    10.  Defendants' supplemental expert reports will be submitted by October 15, 2004.

    11.  Depositions of defendants' experts will be completed by October 29, 2004.

    12.  Discovery will close on October 29, 2004.

    13.  Dispositive motions will be filed by April 19, 2004.

    14.  Case will be deemed trial ready on October 29, 2004.

BY THE COURT,

_____