UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARC/CONNECTICUT, et al.,<br>Plaintiffs | : CIVIL ACTION NO.<br>: 3:01CV1871 (JBA) |
| v. | : |
| PETER H. O'MEARA, et al.,<br>Defendants | : |
| | : January 9, 2004 |

FILED
JAN 12 10 47 AM '04
U.S. DISTRICT COURT
NEW HAVEN CONN.

### DEFENDANTS' UNCONTESTED MOTION
### FOR ENLARGEMENT OF TIME TO RESPOND TO
### PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS

Defendants respectfully request an enlargement of time in which to prepare and serve responses to Plaintiffs' Second Request for Admissions, until January 21, 2004, and in support aver the following:

1.  Plaintiffs initially served 141 Requests for Admissions on January 29, 2003.

2.  After Defendants filed answers and objections, Plaintiffs filed a Motion for Determination of The Sufficiency of Defendants' Answers and Objections to Requests for Admission and for Order Deeming Matters Admitted on or about July 21, 2003 ("Plaintiffs' Motion").

3.  After briefing by the parties, the Court, per Magistrate Judge Margolis, issued a Ruling on Plaintiffs' Motion, dated November 12, 2003 (the "Ruling").

4.  The Ruling determined, *inter alia*, that eighteen (18) of Plaintiffs' Requests were "so vaguely worded as to be unclear in meaning" and directed Plaintiffs to rewrite these requests or withdraw them. In addition, the Ruling found that ten (10) Requests "misconstrue[d],

523614_1                                1

misquote[d] or otherwise misinterpret[ed] specified testimony" and directed Plaintiffs to rewrite these Requests or withdraw them. Ruling at 9-10.

5. Plaintiffs noted as early as their Memorandum in Support of their Motion to Determine the Sufficiency of Answers, dated July 18, 2003, that they would be submitting a Second Request for Admissions. In their reply brief in support of their Motion, dated October 9, 2003, Plaintiffs reiterated their intention to revise certain Requests to which Defendants had objected and submit them as part of a Second Request for Admissions.

6. At a status conference on December 15, 2003, the Court instructed the Plaintiffs' counsel to file a new set of requests for admissions. The Judge inquired whether Defendants would be able to respond to Plaintiffs Second Request for Admissions within 21 days, which is less than the 30-day response time contemplated by the Federal Rules of Civil Procedure. Defendants' counsel responded that given the limited scope of the expected second set of requests for admissions that the Defendants could probably complete responses within 21 days. Defendants' counsel, however, cautioned that, if the new requests for admissions were too numerous or otherwise problematic, Defendants may need more than 21 days.

7. Plaintiffs served their Second Request for Admissions on December 19, 2003 (by first class mail). Defendants calculate the current response date to be January 12, 2004.

8. Defendants have been diligently working on their responses to Plaintiffs' Second Request for Admissions, but do not believe they can complete and serve their responses by January 12, 2004 for several reasons.

9. Defendants (and likely the Court) did not anticipate that Plaintiffs' Second Request for Admissions would contain *114* separate, new Requests. If Plaintiffs had indicated at or before the time of the status conference that they would be serving such a large number of

523614_1                                        2

additional Requests (after the 141 initial Requests), Defendants would not have agreed to serve a response within 21 days.

10. In addition, Defendants' ability to respond within the current time period is complicated by the fact that Plaintiffs fail to provide *any* citations to deposition testimony or documents, such as were provided for almost all of Plaintiffs original Requests. A copy of Plaintiffs' Second Request for Admissions is attached hereto as Exhibit "A".

11. While 35 of the new Requests are identified as reworded versions of 16 original Requests (which the Magistrate Judge found to be "vaguely worded"), the remaining 79 Requests fail to cite or refer to either the original Requests or to any other documentary sources. Nevertheless, it is likely that Plaintiffs intended to reference particular deposition testimony and other documents. For example, 15 Requests begin with the phrase "As of March 27, 2002," which was the date of Dr. Andrew Wagner's deposition testimony, and *presumably* refer to statements in that testimony. Sixteen (16) Requests begin with the phrase, "As of April 24, 2002," which *apparently* refers to Mr. York's letter to Mr. Shaw of that same date. Many other Requests reference dates which are not so apparent – *e.g.*, "As of October 2000", "As of the end of February 2002", "As of March 2002", "On or about February 9, 2001", "As of December 27, 2000" – forcing Defendants to speculate about the import of these dates and about Plaintiffs' intentions.

12. In addition to having reworded 16 initial Requests which the Magistrate Judge found to be "vaguely worded," Defendants *suspect* that Plaintiffs also have revised or rewritten some or all of the initial Requests which the Court found to have "misconstrue[d], misquote[d] or otherwise misinterpret[ed] specified testimony." To that end, the Magistrate Judge directed that "Plaintiffs must rewrite these requests and, *if applicable, quote the exact language upon which*

*they rely....*" Ruling at 9-10 (emphasis added). If Plaintiffs have relied upon such language, they have failed to follow the Magistrate Judge's direction and/or failed to provide any citations which would enable Defendants to "admit or deny without qualification on the basis of a misconstruction or misinterpretation" of the referenced testimony. Id.

13.     On December 31, 2003, the Defendants' counsel wrote to Plaintiffs' counsel requesting clarification, supplementation, or modification of various requests to "facilitate responses that are more timely and subject to less qualifications." A copy of this letter is attached as Exhibit "B". To date, no response has been received to this letter.

14.     Defendants' ability to prepare responses to the Second Request for Admissions has also been hampered by the holidays (Chanukah, Christmas and New Year's) which have intervened during the 21 day response period.

15.     Granting Defendants request for nine (9) additional days in which to respond to Plaintiffs' Second Request for Admissions would provide Defendants with only 30 days for discovery responses as contemplated by the Federal Rules.

16.     Defendants' counsel contacted Plaintiffs' counsel who indicated that he did not object to this motion.

17.     This is Defendants' first request to enlarge the time for responding to Plaintiffs' Second Request for Admissions.

WHEREFORE, the Defendants request an enlargement of time until **January 21, 2004.** in which to prepare and serve their responses to Plaintiffs' Second Request for Admissions.

Respectfully submitted,<br>
DILWORTH PAXSON LLP

*Thomas B. York* (signature)

Thomas B. York
Fed. Bar No. ct 17663
Steven B. Goodman
112 Market Street, 8th Floor
Harrisburg, PA 17101
Tel.: (717) 236-4812

Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via facsimile and also via first-class, postage-prepaid mail on this ___9 th___ of January, 2004 on the following individuals:

David C. Shaw, Esq.
34 Jerome Ave.
Suite 210
Bloomfield, CT 06002

Hugh Barber, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Thomas Fiorentino, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Mark Carta, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South, P.O. Box 1107
Darien, CT 06820

James P. Welsh, Esq.
Director, Legal & Government Affairs
CT Dept. of Mental Retardation
460 Capitol Avenue
Hartford, CT 06106

Thomas B. York

523614_1