UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARC/CONNECTICUT, ET. AL. | : | |
| | : | 3:01CV1871 (JBA) |
| PLAINTIFFS | : | |
| vs. | : | |
| | : | |
| PETER H. O'MEARA, ET AL. | : | |
| | : | |
| DEFENDANTS. | : | FEBRUARY 12, 2004 |

## OBJECTION TO LETTER-BRIEF OF DEFENDANTS

I.  INTRODUCTION:

On February 5, 2004, during a Status Conference convened by the Court in response to

plaintiffs' Motion for Scheduling Conference, the Court requested that defendants' provide a

listing of State statutory and regulatory provisions that protect the privacy rights of guardians or

family members of class members.  The defendants have submitted in response a letter dated

February 11, 2004 that states that there are "no State statutes that directly apply to protecting the

privacy or confidentiality rights of guardians and family members."  Defendants nonetheless cite

Connecticut General Statutes § 17a-238(b) as a statute which arguably applies to guardians and

families.  This memorandum is written as a brief rebuttal to the defendants' assertion that § 17-

238(b) *may* be relevant to the issues pending before the Court.

II.    ARGUMENT:

First, it must be pointed out that defendants have filed four briefs in support of their

position that the Court should not permit discovery as to class members or their guardians or

family.  Three of those briefs were filed before the Magistrate Judge and one was filed with this Court on or about October 20, 2003 [Doc. # 180].   Conn. Gen. Stat. § 17a-238(b) is not mentioned in any of those briefs.  Defendants' decision to wait until after the time for filing briefs had expired to bring this statute to the Court's attention denies plaintiffs the opportunity to respond.

Second, § 17a-238(b), applies only to persons "placed or treated under the direction of the Commissioner of Mental Retardation in any public or private facility…"  As it is undisputed that substantially all of the class members in this case live in their family homes, they have not been placed or treated in a "public or private facility" under the direction of the Commissioner.  In fact, the essence of this lawsuit is that the Commissioner has failed to place or treat class members as required by the Medicaid Act.  Section 17a-238(b), therefore, is inapplicable to all or substantially all of the persons included within the class definition.

Third, the statute on its face protects the privacy of DMR clients.  The Courts have uniformly held that privacy rights created by state law are outweighed by the need to conduct thorough discovery in a civil rights lawsuit.  *Messier v. Southbury Training School*, No. 3:94-CV-1706 (EBB)(copy attached); *Doe v. Meachum*, 126, F.R.D. 444, 449 (D. Conn. 1989); *Lora v. Bd. of Ed*uc., 74 F.R.D. 565(E.D.N.Y.1977).  The privacy rights of guardians and family members are not protected by the statute.  The statute protects the rights of persons confined in DMR facilities, not the rights of guardians or family who are not subjected to institutional conditions.

Third, the case cited by defendants, *Bethphage Lutheran Services, Inc. v. Conn. Dept. of Mental Retardation,* 1993 Conn. Super. LEXIS 1792 (1993) is irrelevant and distinguishable. *Bethphage* involved a challenge to the *rates* DMR had set for the care of persons placed in a private group home. This case does not involve rate-setting or the care of persons who have been placed in a facility by defendants. As previously stated, the 2000 persons on the DMR Residential waiting list by definition are living at home and have brought this lawsuit to obtain placement or treatment in a public or private facility.

III.    CONCLUSION:

For the foregoing reasons, §17a-238(b) does not apply to the facts of this lawsuit and does not protect the rights of guardians and family of class members.

PLAINTIFFS,


By /s/ David C. Shaw
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507
Email   dcshaw@cttel.net
Fed. Bar No. ct05239

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on February 12, 2004.

Hugh Barber, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

Thomas B. York, Esq.
Dilworth, Paxson LLP
112 Market St., 8th Floor
Harrisburg, PA 17101

Mark R. Carta, Esq.
Rucci, Burnham, Carta
 & Edelberg, LLP
30 Old Kings Hwy. South
Darien, CT  06820

 /s/ David C. Shaw
David C. Shaw, Esq.

4