UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2009 3 47 PM '04
U.S. DISTRICT COURT
NEW HAVEN CONN.

| | |
|---|---|
| ARC/CONNECTICUT, et al.,<br>Plaintiffs | CIVIL ACTION NO.<br>3:01CV1871 (JBA) |
| v. | |
| PETER H. O'MEARA, et al.,<br>Defendants | March 9, 2004 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO LETTER-BRIEF OF DEFENDANTS

Defendants, by their undersigned attorneys, respectfully submit this response to Plaintiffs' Objection To Letter-Brief Of Defendants dated February 12, 2004. On February 5, 2004 during a Status Conference, the Court requested that Defendants provide the Court with any Connecticut statutory law affecting the privacy rights of class members and their guardians. The Defendants submitted the requested legal authority in a letter to the Court dated February 11, 2004. Plaintiffs' counsel did not object to the Court's request for this authority at any time during the Status Conference and neither the Court's request, nor Plaintiffs' acquiescence, suggested that the requested information should be limited to legal authority previously cited by the Defendants. Nonetheless, Plaintiffs' counsel filed an Objection To Letter-Brief Of Defendants on February 12, 2004. The Defendants now file this response to Plaintiffs' Objection.

21762_1

Among the legal authority that the Defendants cited in their February 11, 2004 letter was Connecticut General Statute § 17a-238(b). Section 17a-238(b) states, *inter alia*, that "[e]ach person placed or treated under the direction of the Commissioner of Mental Retardation in any public or private facility shall be protected from harm...with full respect for such person's personal dignity and right to privacy consistent with such person's treatment plan as determined by the Commissioner." (emphasis added) C.G.S. § 17a-238(b). Plaintiffs' counsel objected to Defendants' citation to this statute claiming that the class members "have not been placed or treated in a 'public or private facility' under the direction of the Commissioner." Plaintiffs' Objection at 2. However, Plaintiffs' counsel misstates the facts. Specifically, Plaintiffs' counsel misrepresents the number of class members living in their families' homes. He states that "the 2000 persons on the DMR Residential waiting list by definition are living at home and have brought this lawsuit to obtain placement or treatment in a public or private facility." Id. at 3. Based on this misstatement of fact, Plaintiffs' counsel concludes that none of the class members should be protected by § 17a-238(b). In fact, there are 2,726 individuals on the waiting list, and only 1,910 of those individuals are living in their family homes. Further, DMR maintains that regardless of where a client lives, the personal and medical information that DMR has about clients is kept in confidence.

Plaintiffs' counsel also misrepresents the case law that he cited. He states, "[c]ourts have uniformly held that privacy rights created by state law are outweighed by the need to conduct thorough discovery in a civil rights lawsuit." (emphasis added) Plaintiffs' Objection at 2 (citing Messier v. Southbury Training School, No. 3:94-CV-1706 (D.Conn. May 30, 1997); Doe v.

21762_1                                    2

Maechum, 126 F.R.D. 444, 449 (D.Conn. 1989); and Lora v. Bd. of Educ., 74 F.R.D. 565 (E.D.N.Y. 1977)). Plaintiffs' counsel has mischaracterized the holding of these cases. None of those courts held that privacy rights, such as the one created by § 17a-238(b), should be sacrificed for the sake of discovery. In fact, none of those courts even addressed statutory privacy rights. Those courts addressed the application of state law privileges including the peer-review privilege and psychiatrist-patient privilege.

In Messier, the Court addressed Conn. Gen. Stat. § 19a-17b(d). That statute precludes discovery of the "proceedings of a medical review committee conducting a peer review." C.G.S. § 19a-17b(d). Unlike § 17a-238(b), § 19a-17(d) was created to avoid "[t]he danger of inhibiting candid professional peer review." Messier, No. 3:94-CV-1706 at 3 (D.Conn. May 30, 1997) (citing Morse v. Gerity, 520 F.Supp. 470, 472 (D.Conn. 1981)). Section 19a-17b(d) creates a privilege to protect the peer reviewer. Id. It does not create a right to privacy for patients. The privacy of patients is only incidentally implicated in the application of § 19a-17b(d). In contrast, Section 17a-238(b) explicitly creates a right to privacy. C.G.S § 17a-238(b). The Messier Court concluded that the "defendants' claim of privilege under C.G.S. § 19a-17b should not be recognized" because the peer reviewer's privilege was outweighed by the Plaintiffs' need for the documents and the public's interest. Id. at 6.

Analogously, the Doe Court addressed the psychiatrist-patient privilege. Doe v. Meachum, 126 F.R.D. 444 (D.Conn 1989). The Plaintiffs in that case were inmates of the Connecticut Department of Corrections who challenged the Department's policies toward inmates infected with Acquired Immune Deficiency Syndrome (AIDS). Id. at 446. The Plaintiffs

in that case sought psychiatrist records maintained by the Connecticut Department of Corrections. Id. In reaching its holding, the Court evaluated the applicability of Conn. Gen. Stat. § 52-146c, which creates a statutory privilege to preserve the relationship between the patient and psychiatrist. Id. at 449. However, the Court noted that § 52-146f(5) says, "'[c]ommunications or records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim ... and the court or judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between patient and psychiatrist be protected." Id. at 449-450 (citing C.G.S. § 52-146f(5). The Doe Court found that the Plaintiffs had introduced their mental conditions as an element of their claim and held that "it is more important to the interests of justice that the communications be disclosed ... than the relationship between patient and psychologist/psychiatrist be protected." Id. at 450. As in Messier, the privacy issues in Doe were only implicated in the application of the psychiatrist-patient privilege. Conn. Gen. Stat. § 17a-238(b), which has been cited by the Defendants in the instant case, explicitly creates a privacy right to protect class members. C.G.S. § 17a-238(b).

Like Messier and Doe, there is no statutory right to privacy at issue in Lora v. Board of Education. In Lora, the Defendants sought to preclude discovery of certain student records maintained by the school. Lora v. Bd. of Ed., 74 F.R.D. 565 (E.D.N.Y. 1977). That court addressed the Defendants' claims of psychiatrist-patient privilege as well as claims based on the privacy protections of the United States Constitution. Id. The Court applied the balancing test from Federal Rule of Evidence 501 to the Defendants' psychiatrist-patient claim. Id. at 578. The

21762_1

4

court found that the Defendants could not exercise the psychiatrist-patient privilege on behalf of the students because the Defendants provided "the court with no evidence that students are promised confidentiality prior to screening and counseling sessions...." Id. at 584. Regarding the Defendants' constitutional privacy claim, the Court reasoned that "[t]he files are open to so many people in their normal screening, counseling, and educational use contemplated by the students and their families that no substantial unforeseen publicity will result from their being examined by a few more experts during the course of this litigation." Id. at 575. The court held that the student records could be released, but the names of the students and other identifying information had to be redacted. Id. at 587.

None of the cases cited by Plaintiffs' counsel interpreted statutes like § 17a-238(b), which explicitly creates a right to privacy. Further, Plaintiffs' counsel appears to misunderstand the Defendants' citation to Bethphage. Plaintiffs' counsel states that Bethphage is "irrelevant and distinguishable" on its facts. (Plaintiffs Objection at 3). The Defendants have not cited Bethphage as an authoritative precedent though. Defendants' citation to Bethphage is intended to show that a Connecticut appellate court has held that § 17-238(b) creates a right to privacy for class members that exceeds the privacy protection of federal law. Bethphage Lutheran Services v. Conn. DMR, 1993 WL 279100 (Conn. Super.) (citing Conn.Gen. Stat. § 17a-238(b)). Like the Plaintiffs in Bethphage, Plaintiffs' counsel in the instant case appears to erroneously assume that federal law is the only protection afforded to the class members. Section 17-238(b)'s right to privacy that Bethphage recognized creates a corresponding state duty that DMR owes to class

21762_1                                5

members. Defendants maintain that this duty extends to protecting the records and identities of class members and their guardians.

The duty that the Defendants' have to protect the records of class members is further demonstrated properly enacted administrative regulations by <u>Regs. Conn. Agencies ~ DMR</u>, § 19-570-5. That regulation provides that "[i]ndividual client records are maintained by the superintendents [regional directors' since 1986 reorganization] of the respective regional centers and training schools [DMR Regions since 1986]. These <u>records are confidential and will only be released to the individual client or his/her representative</u>...." (emphasis added) <u>Regs. Conn. Agencies ~ DMR</u>, § 19-570-5 (1982). Among the information contained in client records are the identities of clients and their guardian. <u>Regs. Conn. Agencies ~ DMR</u>, § 19-570-5 and Conn. Gen. Stat. § 17a-238(b) clearly create obligations for DMR to protect the identity and records of class members and their guardians. Unlike statutes recognizing qualified state law privileges, <u>Regs. Conn. Agencies ~ DMR</u>, § 19-570-5 and Conn. Gen. Stat. § 17a-238(b) explicitly codify the duties that DMR owes to class members and their guardians. DMR cannot disclose the records or identity of those individuals.

Plaintiffs' objection should be overruled.

Respectfully submitted,<br>
DILWORTH PAXSON LLP<br>
<br>
*/s/ Thomas B. York (JPW)*<br>
THOMAS B. YORK<br>
Fed. Bar No. ct 17663<br>
Donald B. Zaycosky<br>
112 Market Street, 8th Floor<br>
Harrisburg, PA 17101<br>
Tel.: (717) 236-4812<br>
<br>
Attorneys for Defendants

21762_1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via facsimile and also via first-class, postage-prepaid mail on this 9th day of March, 2004 on the following individuals:

David C. Shaw, Esq.
34 Jerome Ave.
Suite 210
Bloomfield, CT 06002

Hugh Barber, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Thomas Fiorentino, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Mark Carta, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South, P.O. Box 1107
Darien, CT 06820

James P. Welsh, Esq.
Director, Legal & Government Affairs
CT Dept. of Mental Retardation
460 Capitol Avenue
Hartford, CT 06106

_Thomas B York (JPW)_
Thomas B. York