UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARC/CONNECTICUT, ET. AL. | : | 3:01CV1871 (JBA) |
| PLAINTIFFS | : | |
| vs. | : | |
| | : | |
| PETER H. O'MEARA, ET AL. | : | |
| DEFENDANTS. | : | APRIL 12, 2004 |

## UNOPPOSED MOTION FOR MODIFICATION OF THE SCHEDULING ORDER

The plaintiffs move for a forty-five day enlargement of the deadlines established by the

Court' Scheduling Order dated February 6, 2004 [Doc. #  214].  In support of this Motion the

plaintiffs represent the following:

1.  The Scheduling Order dated February 6, 2004 [Doc. # 214] established the following

deadlines:

> Disclosure of Plaintiffs' Experts – 5/1/04
> Depositions of Plaintiffs' Experts - 6/1/04
> Disclosure of Defendants' Experts – 8/2/04
> Depositions of defendants' experts – 9/1/04
> Plaintiffs' supplemental expert reports – 9/15/04
> Depositions relating to supplemental reports – 10/1/04
> Defendants' supplemental reports – 10/15/04
> Depositions relating to supplemental reports – 10/21/04
> Completion of all discovery – 10/29/04
> Dispositive Motions – 4/19/04
> Matter to be trial ready – 11/1/04

2.  As disclosed during the telephone status conference on February 5, 2004, compliance

with this schedule depended on the prompt production of the data on class members from

defendants' DMR Residential Waiting List and DMR Planning List and resolution of the issues

surrounding access to guardians during the discovery process.  (*See*, Memorandum in Support of

Motion for Scheduling Conference [Doc. # 204], pp. 2-10 and attached Proposed Scheduling

Order ¶ 1.)

3.  Plaintiffs and defendants have worked diligently to obtain the data from the DMR

Residential Waiting and Planning Lists.  Defendants first disclosed the data on 2726 persons

from these waiting lists on or about February 23, 2003.  Plaintiffs' experts were unable to select

a sample from this data, however, because the defendants had changed the definitions of the

DMR Residential Waiting and Planning Lists and there were 30-40 individuals reported in this

data who had no priority listing.  Plaintiffs requested clarification through another telephone

conference on March 4, 2004 and March 10, 2004.

4.  The requested telephone conference between plaintiffs' experts and defendants'

employees occurred on March 31, 2004.  Plaintiffs learned at that time that approximately 30-40

persons on these waiting lists who had no priority listing also were mistakenly included on the

list.  Plaintiffs' experts requested a corrected copy of the data at that time and clear definitions

for these new waiting lists and the priority listings on these lists.

5. The revised data was received by plaintiffs on April 8, 2004 with a letter from

Attorney York supplying additional information about the waiting lists.  However, plaintiffs'

review of this revised data set indicates that there are a few additional clarifying questions that

must be asked.  Plaintiffs contacted Attorney York on April 12, 2004 to schedule the follow up telephone conference.  Some of the clarifying questions relate to the 74 persons who appear in the data set who live in several states other than Connecticut and the data relating to persons living in supported living.

6.  A clarifying ruling as to when it is appropriate for plaintiffs' experts to contact the guardians or family of class members is also needed before on site expert discovery can be completed.

7.  During this same timeframe the plaintiffs and defendants have devoted considerable effort to settlement negotiations.  Magistrate Judge Margolis, who has been monitoring those negotiations, has been advised that although considerable progress has been made the prospects for settlement are unclear.

8.  In light of the foregoing, plaintiffs request that the Scheduling Order entered dated February 6, 2004 be modified by adding forty-five days to the events identified on the Scheduling Order, such that the revised schedule will provide as follows:

- Disclosure of Plaintiffs' Experts – 6/15/04
- Depositions of Plaintiffs' Experts- 7/15/04
- Disclosure of Defendants' Experts – 9/16/04
- Depositions of defendants' experts – 10/18/04
- Plaintiffs' supplemental expert reports – 11/1/04
- Depositions relating to supplemental reports – 11/15/04
- Defendants' supplemental reports – 11/29/04
- Depositions relating to supplemental reports – 12/13/04
- Completion of all discovery –12/20/04

- Dispositive Motions – 6/3/04
- Matter to be trial ready – 12/27/04

9.  Attorney Thomas York was contacted on April 12, 2004 to discuss scheduling a telephonic conference between plaintiffs' experts and defendants' employees, and the proposed revisions to the Scheduling Order outlined in paragraph 7 above.

10. Attorney York indicates that he concurs with the proposed changes to the Scheduling Order proposed in paragraph 7 above.

11.  This is the sixth modification requested with respect to the time lines established by the Scheduling Order.

PLAINTIFFS,

By _David C. Shaw_
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Fed. Bar No. ct05239
Tel. (860) 242-1238
Fax. (860) 242-1507
Email:  dcshaw@cttel.net

4

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on April 12, 2004:

Hugh Barber, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

Thomas B. York, Esq.
Dilworth, Paxson LLP
112 Market St., 8th Floor
Harrisburg, PA 17101

Mark R. Carta, Esq.
Rucci, Burnham, Carta
 & Edelberg, LLP
30 Old Kings Hwy. South
Darien, CT  06820

_David C. Shaw_
David C. Shaw