UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARC/CONNECTICUT, ET. AL.          :     3:01CV1871 (JBA)
                                  :
    vs.                           :
                                  :
PETER H. O'MEARA, ET AL.          :
                                  :     JUNE 2, 2004

**UNOPPOSED MOTION FOR MODIFICATION OF THE SCHEDULING ORDER**

The plaintiffs move for a forty-five day enlargement of the deadlines established by the Court's Supplemental Scheduling Order dated April 15, 2004 [Doc. #224]. In support of this Motion the plaintiffs represent the following:

1. The Court's Supplemental Scheduling Order dated April 15, 2004 [Doc. # 224] established the following deadlines:

> Disclosure of Plaintiffs' Experts – June 15, 2004
> Depositions of Plaintiffs' Experts – July 15, 2004
> Disclosure of Defendants' Experts – September 16, 2004
> Depositions of defendants' experts – October 18, 2004
> Plaintiffs' supplemental expert reports – November 1, 2004
> Depositions relating to supplemental reports – November 15, 2004
> Defendants' supplemental reports – November 29, 2004
> Depositions relating to supplemental reports – December 13, 2004
> Completion of all discovery – December 20, 2004
> Dispositive Motions – June 3, 2004
> Matter to be trial ready – December 27, 2004

2. Compliance with this schedule depended on the prompt production of the data on class members from defendants' DMR Residential Waiting List and DMR Planning List and resolution of the issues surrounding access to guardians during the discovery process. There have been considerable difficulties in obtaining this data and explanations relating to problems with this data, however.

3. Plaintiffs and defendants have worked diligently to obtain the data from the DMR Residential Waiting and Planning Lists. Defendants first disclosed the data on 2726 persons from these waiting lists on or about February 23, 2003. Plaintiffs' experts were unable to select a sample from this data, however, because the defendants had changed the definitions of the DMR Residential Waiting and Planning Lists and there were 30-40 individuals reported in this data who had no priority listing. Plaintiffs requested clarification through another telephone conference on March 4, 2004 and March 10, 2004.

4. A subsequent analysis of the data revealed additional problems with the data and called into question the integrity of the database. Most importantly, the DMR data revealed that some 35 class members were enrolled in the Waiver, but were not Medicaid recipients.

5. Over the past three weeks plaintiffs have been attempting to clarify this problem with the data.

6. Attorney York's letter dated May 17, 2004 did not address this issue, but a subsequent letter dated May 28, 2004 indicated that the error relating to 32 of these class members related to data entry, and that 3 others were reported erroneously as enrolled even

though they were not Medicaid eligible.

7. Plaintiffs are currently assessing whether an adequate sample of class members can be drawn given these errors in the DMR database.

8. Further, a clarifying ruling from the Court is needed to provide guidance as to when it is appropriate for plaintiffs' experts to contact the guardians or family of class members before on-site expert discovery can be completed.

9. During this same time frame the plaintiffs and defendants have devoted considerable effort to settlement negotiations. Magistrate Judge Margolis, who has been monitoring those negotiations, has been advised that although considerable progress has been made. Some differences still remain. Counsel intend to meet to hopefully resolve these remaining differences during the next few days.

10. In light of the foregoing, plaintiffs request that the Supplemental Scheduling Order entered April 15, 2004 be modified by adding forty-five days to the events identified on the Scheduling Order, such that the revised schedule will provide as follows:

- Disclosure of Plaintiffs' Experts –  August 2, 2004
- Depositions of Plaintiffs' Experts – September 1, 2004
- Disclosure of Defendants' Experts – November 1, 2004
- Depositions of defendants' experts – December 1, 2004
- Plaintiffs' supplemental expert reports – December 15, 2004
- Depositions relating to supplemental reports – January 1, 2005
- Defendants' supplemental reports – January 15, 2005
- Depositions relating to supplemental reports – February 1, 2005
- Completion of all discovery – February 15, 2005
- Dispositive Motions – August 15, 2004
- Matter to be trial ready – February 15, 2005

11. Attorney Don Zakowski of Attorney Thomas York's office was contacted on June 1, 2004 to discuss the proposed revisions to the Scheduling Order outlined in paragraph 10 above.

12. Attorney Zakowski reported that Attorney York concurs with the proposed changes to the Scheduling Order proposed in paragraph 10 above.

13. This is the seventh modification requested with respect to the time lines established by the Scheduling Order.

PLAINTIFFS,

By /s/ *David C. Shaw*
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Fed. Bar No. ct05239
Tel. (860) 242-1238
Fax. (860) 242-1507
Email: dcshaw@cttel.net

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on June 2, 2004:

Hugh Barber, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

Thomas M. Fiorentino, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

Thomas B. York, Esq.
Dilworth, Paxson LLP
112 Market St., 8th Floor
Harrisburg, PA 17101

Mark R. Carta, Esq.
Rucci, Burnham, Carta
 & Edelberg, LLP
30 Old Kings Hwy. South
Darien, CT  06820

                                                            _/s/ *David C. Shaw*_
                                                            David C. Shaw