# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARC/CONNECTICUT, et al., | : | |
| Plaintiffs, | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | **3:01CV1871 (JBA)** |
| | : | |
| PETER H. O'MEARA, et al., | : | |
| Defendants. | : | |
| | : | **August 16, 2004** |
| | : | |
| | : | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants respectfully request that the Court enter judgment in their favor as a matter of law,[1] and aver the following:

1.    The dismissal of Plaintiffs' claims is warranted when, accepting as true the factual allegations in the complaint and drawing all inferences in the light most favorable to the Plaintiffs, no relief can be granted based upon the set of facts which the Plaintiffs allege.  Fed.R.Civ.P. 12(b)(6); 12(c).

2.    Summary judgment is appropriate where the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).

3.    Plaintiffs allege that the Defendants are violating the Medicaid Act, 42 U.S.C. §§1396 *et seq*.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101 *et seq*.; and the Due Process Clause of the Fourteenth Amendment to the United

---

[1]    Pursuant to the Court's directive, the Defendants have consolidated all dispositive motions into a single motion.

States Constitution ("Due Process").  Second Amended Complaint, February 6, 2003 (hereinafter, the "Complaint"), at p. 2, par. 1; pp. 63-68, par. 161-174.

4.     The Plaintiffs claim that the Defendants are failing to provide adequate services to class members through Intermediate Care Facilities for the Mentally Retarded ("ICF/MR") and through the State's Home and Community Based Waiver ("HCBW" or "Waiver") Program.  Complaint at pp. 63-68, par. 161-174.

5.     Specifically, the Plaintiffs allege, *inter alia*, that the Defendants fail to provide Medicaid services in an adequate amount, duration and scope; fail to provide services and allow applications for the Waiver Program with reasonable promptness; fail to provide a choice between ICF/MR and Waiver services; fail to allow class members to apply for services; fail to advise class members about the evaluation process and availability of Waiver services; fail to develop adequate individual plans of care; fail to allow individuals placed in ICF/MR institutions to apply for HCBW services until after they have moved out of the institution; and fail to provide notice and a hearing of adverse determinations.  Complaint at pp. 63-68, par. 161-174.

6.     Primarily, the Plaintiffs claim that the Defendants' administration of the HCBW Program violates federal law.

7.     The class certified by the Court consists of individuals who: (1) are eligible and remain eligible for DMR services and (2) have applied for and are eligible <u>for Waiver services</u> or would apply for and be eligible <u>for Waiver services</u> if given the reasonable opportunity to apply, but (3) who allegedly cannot obtain the <u>Waiver services</u> for which they are eligible or would be eligible, (4) because of

Defendants policies and practices that are prohibited by federal law.  Order dated January 30, 2003.

8. The issue of residential placement for individuals with mental retardation living with families or relatives in Connecticut and who desire to live in alternative community placements controlled by DMR was settled by court order on November 1, 1993, as part of a class action lawsuit, <u>Birks v. Lensink, Comm'r. Conn. Dept. of Mental Retardation</u>, CV No. B-89-506 (JAC).

9. The large majority of the class of Plaintiffs in <u>ARC/Conn. v. O'Meara</u> are the same individuals with mental retardation living with families or relatives who desire to live in alternative community placements controlled by DMR.  These Plaintiffs seek the same relief as the plaintiffs in <u>Birks v. Lensink</u>, although the Plaintiffs in <u>ARC/Conn.</u> base their claims for relief on different legal theories.

10. These claims by Plaintiffs are barred by the doctrines of res judicata and collateral estoppel.[2]

11. The claims of Plaintiffs that they are entitled to Waiver and other Medicaid services are based, in large part, on certain provisions of the Medicaid Act, 42 U.S.C. §§1396 *et seq.*, and particularly its "waiver" provisions, §1396n(c). Plaintiffs claim a private right to enforce these provisions pursuant to §1983 or perhaps based on a theory of implied right of action.[3]

---

[2]  These doctrines arguably might not apply to the small percentage of class members identified in the Complaint who live in institutions and are alleged to seek and to be entitled to placement in community residential settings.

[3]  The Complaint is not clear on this point.  However, as explained in Defendants' accompanying Memorandum of Law, both theories are subject to the same analysis.  *See*, <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 285 (2002).

12.    However, based on the Supreme Court's decisions in <u>Gonzaga University v. Doe</u>, 536 U.S. 273 (2002) and other cases, the Medicaid Act provisions upon which the Plaintiffs rely do not confer upon them a private right of action.

13.    In addition, the federal regulations upon which the Plaintiffs rely cannot confer a private right of action independently of the statutes which they interpret.

14.    The Plaintiffs also claim that the Americans With Disabilities Act (ADA) entitles them to receive residential services pursuant to the State's Medicaid plan (including its approved Waiver plan) which Plaintiffs "need", even if such services "are not currently available" under the State's Medicaid plan.  *See, e.g.*, Complaint at par. 112.

15.    However, to the extent that the Plaintiffs claim that the ADA entitles them to require that the State change the scope of Medicaid services it currently provides, Plaintiffs' ADA claims are precluded as a matter of law.  *See*, <u>Rodriguez v. City of New York</u>, 187 F.3d 611 (2d Cir. 1999).

16.    The Plaintiffs also allege that they are not being provided services in the most integrated settings appropriate to their needs, in violation of Title II of the ADA and its "integration regulation."  42 U.S.C. §12132;  28 C.F.R. §35.130(d).

17.    However, because the large majority of the Plaintiffs is currently living in family homes or similarly "integrated" community placements rather than in so-called "restrictive" and "segregated" institutions, and are not being threatened with

institutionalization in order to receive appropriate services, any claim by Plaintiffs

under Title II of the ADA fails as a matter of law. [4]

18.    Although the Plaintiffs claim that the Defendants have failed to provide ICF/MR

services in adequate amount, duration and scope; have failed to inform class

members about the availability of ICF/MR services; have failed to allow class

members to apply for ICF/MR services and other related allegations, the factual

statements in the Complaint relating to the 26 named Plaintiff representatives

demonstrate that neither these specific class members, nor the class as a whole,

seek, desire or are requesting Medicaid services in an ICF/MR or other

"institutional setting."    To the contrary, Plaintiffs seek services in community

residential placements as an alternative to facility-based ICF/MR services.

19.    Therefore, the claims of Plaintiffs for relief relating to services in an ICF/MR or

similar setting fail as a matter of law.

WHEREFORE, for the foregoing reasons, the Defendants are entitled to judgment

as a matter of law.

Respectfully submitted,
DILWORTH PAXSON LLP

_____

THOMAS B. YORK
Fed. Bar No. ct 17663
112 Market Street, 8th Floor
Harrisburg, PA 17101
Tel.: (717) 236-4812
Attorney for the Defendants

---

[4]   This argument for judgment as a matter of law does not apply to the small percentage of Plaintiffs living in institutions with regard to whom there are disputed issues of material fact as, for example, whether the professionals treating these individuals have recommended community placements.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served

via facsimile and also via first-class, postage-prepaid mail on this 16th day of August,

2004 on the following individuals:

David C. Shaw, Esq.
34 Jerome Ave.
Suite 210
Bloomfield, CT 06002

Hugh Barber, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Thomas Fiorentino, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 120 (55 Elm Street)
Hartford, CT 06141-0120

Mark Carta, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South, P.O. Box 1107
Darien, CT 06820

James P. Welsh, Esq.
Director, Legal & Government Affairs
CT Dept. of Mental Retardation
460 Capitol Avenue
Hartford, CT 06106

_____
Thomas B. York

548034_1