EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ASSOCIATION FOR RETARDED CITIZENS – CONNECTICUT, ET.AL.<br><br>PLAINTIFFS<br><br>vs.<br><br>PETER H. O'MEARA, COMMISSIONER, DEPARTMENT OF MENTAL RETARDATION, AND PATRICIA WILSON-COKER, COMMISSIONER DEPARTMENT OF SOCIAL SERVICES<br><br>DEFENDANTS | 3:01CV1871 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br>APRIL 1, 2005 |

## NOTICE OF SETTLEMENT AGREEMENT RESOLVING PENDING CLASS ACTION

## ATTENTION: CONNECTICUT CITIZENS WITH MENTAL RETARDATION, FAMILIES, GUARDIANS AND ADVOCATES

The United States District Court has received a Settlement Agreement negotiated by the parties to this class action civil rights lawsuit concerning the "Waiting List" for residential placement, support, and services maintained by the Department of Mental Retardation (DMR), and the administration and operation of the "Home and Community Based Services" waiver, under Title XIX of the Medicaid Act, by the Department of Social Services (DSS) and DMR. This lawsuit was initiated by twenty-six (26) individuals, as representatives of the class, and ARC-Connecticut as an organizational representative. The lawsuit sought on behalf of the class injunctive and declaratory relief requiring the defendants DMR and DSS to provide services and supports responsive to the individual needs of DMR clients listed on the DMR Waiting and Planning Lists.

The "class" certified by the District Court is defined as follows:

*All individuals*
(1) *who have been found to be eligible and remain eligible for DMR services in accordance with state law, and*

(2) who either (a) have applied for and are eligible for services covered by Connecticut's Home and Community Based Waiver (hereinafter referred to as "HCBW"); or (b) would apply for and be eligible for services covered by Connecticut's HCBW, if given the reasonable opportunity to apply; and

(3) who cannot obtain the HCBW services for which they are presently eligible or for which they would be eligible, if given the reasonable opportunity to apply,

(4) because of the policies and practices of the defendants that are prohibited by federal law.

The Settlement Agreement provides a commitment of state resources, within an average cost of $50,000, which are sufficient to meet the residential placement/support/service needs of 150 individuals on the DMR "Waiting List", who are determined to have the most urgent needs, this year and each year through June 30, 2009. In addition, the settlement requires enhanced support, not less than an average of $5,000 per individual, to 100 individuals and families each year until June 30, 2009. The Settlement Agreement also requires the state to apply for a second, more flexible, waiver to meet the needs of class members and to develop policies and procedures concerning the administration of the waivers, including formal hearing processes to contest decisions regarding waiver and waiver service eligibility. Under the settlement these new policies and procedures must permit application by any person wishing to apply for the HCBS waiver, must require that individual service plans developed under the waiver be based on the needs of the disabled individual, must require that individual service plans be developed by a "team" (consisting of a DMR Case Manager or broker, an independent broker, as applicable, the individual, family and Circle of Support), must establish an individual budget negotiation process consistent with DMR cost standards and based on individual needs for each HCBS waiver recipient, must require that the DMR client may use negotiated funding to purchase services from an approved provider of his/her choice, and must require that disputes over individual budgets will be resolved through the fair hearing process.

The complete text of the Settlement Agreement is posted on the DMR website (www.ct.gov/dmr) and copies may be obtained by calling the DMR Division of Legal & Government Affairs ((860) 418-6085). The Settlement Agreement was submitted by the Connecticut Attorney General to the Connecticut General Assembly for review and public hearing. The District Court will receive written comments from interested persons until May 5, 2005. Written comments should be addressed to:

> The Honorable Joan G. Margolis
> United States Magistrate Judge
> United States District Court
> District of Connecticut
> 141 Church Street
> New Haven, CT 06505

A hearing will be held before Honorable Janet Arterton, United States District Judge, on May 19, 2005, at 10:00 a.m., United States District Court, 141 Church Street, New Haven, Connecticut, relating to the fairness of the Settlement Agreement to the class.

If you have any questions about the Settlement Agreement or about the process for reviewing the fairness of the Settlement Agreement, you may contact David C. Shaw, Esq., Attorney for the Plaintiff Class, at (860) 242-1238.

SO ORDERED
Honorable Joan G. Margolis
United States Magistrate Judge
/s/ _4_/_1_/05

EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARC/CONNECTICUT, ET AL.<br>*Plaintiffs* | : | 3:01CV1871(JBA)(JGM) |
| v. | : | |
| PETER H. O'MEARA, ET AL.<br>*Defendants* | : | MAY 10, 2005 |

### DEFENDANTS' CERTIFICATION OF
### NOTIFICATION PROCESS

The undersigned hereby certifies on behalf of the Defendants in the above-captioned case the following publication and distribution of the <u>Notice of Settlement Agreement Resolving Pending Class Action</u>. This Notice was signed by United States Magistrate Judge Joan G. Margolis on April 1, 2005:

1. The Court-approved Notice was published in the Spring 2005 edition of the Department of Mental Retardation (DMR) newsletter, "Direct to Families". The newsletter was mailed to more than 14,000 addresses, families and DMR clients on or about April 22, 2005. *See*, Attachment A, hereto, in English and Spanish.

2. The Court-approved Notice was published in the following Connecticut Newspapers on April 22, 2005: *Hartford Courant, New Haven Register, Waterbury Republican, New London Day, Connecticut Post,* and *Stamford Advocate*. *See*, Attachment B, hereto, includes copies and publisher affidavits.

3. The Court-approved Notice was posted on the DMR website, with a link to the full text of the Settlement Agreement, on April 13, 2005 and has been so maintained. Attachment C, hereto, provides the relevant pages from the DMR website.

The foregoing statements are true and accurate to the best of my knowledge and belief.

_James P. Welsh_  Date: 5-10-05
James P. Welsh, Director
Department of Mental Retardation
Legal & Government Affairs
Federal Bar No. ct05240